## BRETCH BROS. v. S. WINSTON & SONS.

No. 796.   Opinion Filed May 9, 1911.

(115 Pac. 795.)

**APPEAL AND ERROR—Trial—Review of Conflicting Evidence—Findings.** Where a case is tried by the court without the intervention of a jury upon controverted questions of fact, and there is evidence reasonably tending to support its findings, such findings will not be disturbed on the weight of the evidence.

(a) Where the testimony is partly oral and conflicting, and the finding of the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact.

(Syllabus by the Court.)

*Error from District Court, Grady County; Frank M. Bailey, Judge.*

Action by Bretch Bros. against S. Winston & Sons. Judgment for defendants, and plaintiffs bring error. Affirmed.

*Morse & Standeven* and *Garrett & Mathews,* for plaintiffs in error.

*Welborne & McCalla* and *B. F. Van Dyke,* for defendants in error.

Vol 28—40

WILLIAMS, J. On the 12th day of March, 1909, the plaintiffs in error, as plaintiffs, commenced an action against the defendants in error, as defendants, in the district court of Gradv county, at the same time suing out a writ of attachment against the property of said defendants, which was levied by the sheriff and due return made. On the 25th day of March, 1909, defendants moved to discharge said attachment; all the grounds being denied under oath. After notice, said motion was heard before the judge of said district on the 26th day of March, 1909. Evidence was introduced by both parties on said hearing, a part of which was oral. The record recites that at said hearing both sides "appeared and waived a jury, and submitted the matters in controversy to the judge, and, after hearing the pleadings, evidence and argument of counsel, the court is of the opinion that said attachment heretofore sued out and levied in this action should be discharged, vacated, and set aside. It is therefore ordered, adjudged, and considered that the attachment heretofore sued out and levied in this action by the sheriff of Grady county upon the property described in the officer's return on said writ of attachment be and the same is hereby discharged, vacated, dissolved, and set aside, and held for naught. And it is further ordered by the court that the sheriff of Grady county, Oklahoma, return said property to the defendant in this action."

The evidence in this record is conflicting. It has time and again been held by this court that:

"Where a case is tried by the court without the intervention of a jury upon controverted questions of facts, and there is evidence reasonably tending to support the findings of the trial court, such findings will not be disturbed on the weight of the evidence. Where the testimony is oral and conflicting, and the finding of the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact. * * *" (*McCann v. McCann,* 24 Okla. 264, 103 Pac. 694; *Alcorn et al. v. Dennis,* 25 Okla. 135, 105 Pac. 1012; *First Nat. Bank of Watonga v. Lookabaugh, ante,* 115 Pac 787.)

We have examined the evidence, and, under the rules an-

nounced in the foregoing cases, the judgment of the trial court is conclusive on review in this court.

The judgment of the lower court is affirmed.

TURNER, C. J., and DUNN and KANE, JJ., concur; HAYES, J., absent and not participating.