## SCHAFER v. MIDLAND HOTEL CO. *et al.*

No. 3148.   Opinion Filed December 20, 1913.

(137 Pac. 664.)

1.   **TRIAL—General Finding—Construction.** Where an action is tried to the court and a general finding is made in favor of the defendant, such general finding necessarily includes a special finding in favor of the defendant of every particular fact necessary to sustain the general finding.

2.   **REFORMATION OF INSTRUMENTS—Grounds—"Mutual Mistake"—Proof.** The law does not authorize the reformation of a written contract on the ground of mutual mistake (i. e. a mistake by each of the parties thereto) unless the proof of such mutual mistake is clear and convincing.

3.   **APPEAL AND ERROR—General Finding—Evidence.** Where the defendant seeks in a cross-petition to reform a written contract sued upon, on the ground of mutual mistake of the parties thereto, and the cause is tried to the court, and there is a general finding in favor of the defendant, and an exception is urged on the ground that the same is not supported by the evidence, held, this court will examine the testimony so far as necessary to ascertain whether or not the finding of the court is reasonably supported by the evidence, and if it be found that the general finding, or any particular finding necessarily included in the general finding, is not reasonably supported by the evidence, the general finding will be set aside and a new trial ordered.

(Syllabus by Galbraith, C.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action by Henry Schafer against the Midland Hotel Company, a corporation, and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*R. B. Forrest, Forrest & Sansom,* and *Geo. D. Key,* for plaintiff in error.

*B. M. Parmenter* and *Stevens & Myers,* for defendants in error.

Opinion by GALBRAITH, C. Henry Schafer commenced an action in the district court of Comanche county against the Midland Hotel Company, a corporation, which had been promoted by himself and Geo. H. Block, on a promissory note of the company for $5,000, which had been indorsed by Schafer and Block and paid by Schafer, and on an account amounting to $2,200 for money advanced by Schafer in the prosecution of the work completing the hotel. It was alleged that Block was liable for these claims against the Midland Hotel Company by virtue of a written contract entered into between Schafer and Block on the 13th day of April, 1910, which evidenced a sale by Schafer to Block of his stock in the Midland Hotel Company, and wherein Block undertook and agreed to pay all the liabilities outstanding against the company.

The defendants answered, admitting the execution of the note by the company and the advancement of the $2,200 by Schafer and the signing of the contract of April 13, 1910, but alleged by way of cross-petition that the note and account and the plaintiff's interest therein had been sold to the defendant Block, and that the plaintiff had no further interest in the note and could not maintain the action, and that by mutual mistake of the parties this part of the agreement by which Schafer sold his interest in the note and account to Block was omitted from the written contract of April 13, 1910, and prayed that the plaintiff take nothing by the said action, and that the contract of April 13, 1910, be reformed according to the real and true agreement of the parties, and that Schafer be required to execute an assignment of the insurance policy according to the agreement of the parties, and for costs and general relief.

When the cause came on for trial, each of the parties waived a jury and agreed that the cause might be tried to the court. The cause was tried on the 5th of January, 1911, and the argument of counsel was deferred until about a month later, and then the cause was taken under advisement by the court and judgment rendered thereon on the 7th of July following. The record shows that on this last date the court "here and now announces to the parties his finding of fact and the law in the case in favor of the defendants," and that judgment was thereupon rendered in favor of the defendants, and that the plaintiff take nothing by his action, and that the costs be taxed against him, and further adjudged that the defendant Geo. H. Block be subrogated to all the rights of Henry Schafer in a certain insurance policy for $12,500, described in the answer and cross-petition. From this judgment Schafer perfected an appeal to this court.

One of the assignments of error urged by the plaintiff in error is that the finding of the court is not supported by the evidence. The record does not show that either party requested the court to make special findings of fact. He was therefore justified in making a general finding.

It has been many times announced by this court that, where a jury is waived and the cause is submitted to the court for trial, the finding of the court will not be disturbed, where it is reasonably supported by the evidence; that the findings of the trial court come to this court with the same force as the verdict of the jury on disputed questions of fact. However, the rule is equally well settled that, if the findings are wholly unsupported by the evidence, the findings of the court will be set aside, and that this court will examine the testimony so far as to ascertain whether or not there is evidence in the record to support the findings of the court. *Reeves & Co. v. Brennan,* 25 Okla. 544, 106 Pac. 959; *First Nat. Bank v. Arnold,* 28 Okla. 49, 113 Pac. 719; *De Vitt v. City of El Reno,* 28 Okla. 315, 320, 114 Pac. 253; *Bretch Bros. v. Winston & Sons,* 28 Okla. 625, 115 Pac. 795; *Hampton v. Thomas,* 35 Okla. 529, 130 Pac. 961; *Hall v. Bruner,* 36 Okla. 474, 127 Pac. 255.

It has been repeatedly announced by decisions of this court that, where a cause is tried by the court and the finding of the court is general, it is a finding of every special thing necessary to be found in order to sustain the general finding. *Farmers' & Merchants' Nat. Bank v. School District No. 56, Kiowa County,* 35 Okla. 506, 130 Pac. 549; *City of Chickasha v. Looney,* 36 Okla. 155, 128 Pac. 136; *Wat-tah-noh-zhe v. Moore,* 36 Okla. 631, 129 Pac. 877. It follows, therefore, from the application of this rule to the case at bar, that the general finding made by the court in favor of the defendants was a special finding of fact that there had been a mutual mistake made by Schafer and Block, and that on account of such mutual mistake the agreement between Block and Schafer, whereby Block purchased the interest of Schafer in the note and account in suit, and that Schafer agreed to transfer the same to Block, was omitted from the written contract of April 13, 1910.

We have carefully examined the testimony to ascertain whether or not there is any testimony in the record that would sustain this finding that there was a mutual mistake between these parties on this disputed question. After such examination we are constrained to say that such finding is wholly unsupported by the evidence. The testimony of Block himself would scarcely support this finding of the court. The evidence shows that, at the time the trade was made between Schafer and Block, Schafer was in the city of Lawton, and after some three days' negotiations an agreement was reached, and that he and Block then proceeded to the office of Block's attorney, and each made a statement to the attorney of the terms and conditions of the deal; that the attorney took notes of these statements and then, in the presence of the parties, dictated the contract to his stenographer; and that the agreement was then typewritten and read over to the parties, and some changes made therein, and then signed by each of the parties. This contract is plain and unambiguous in its terms. In three separate places therein distinct reference is made to what Schafer sold and Block purchased, and each time particular recital is made that it was the 250 shares of stock in the Midland Hotel Company of the par value of $100 each.

Schafer testified positively that the contract expressed the real agreement entered into between himself and Block, and he is strongly corroborated by the contract itself, and also by the fact that, although Block knew that Schafer had taken up the $5,000 note and had it in his possession at the time the trade was made and the contract of April 13, 1910, entered into, he never at that time or at any subsequent date prior to filing the suit asked that the note be turned over to him. The only ground on which this contract is sought to be reformed is on account of mutual mistake—"that, by mutual mistake of the parties and the scrivener who wrote the contract, said provisions were omitted from the same."

Under the law the court could not reform the contract on this ground, unless the evidence that there had been a mutual mistake was positive, clear, and overwhelming. Even if the written contract did not embody the terms of the agreement as Block understood them, and there was a mistake on his part, it is clear that there was no mistake on Schafer's part. The written contract expressed the agreement as he understood it, and it is clear that there was no mutual mistake. In the case of *Hope v. Bourland,* 21 Okla. 864, 98 Pac. 580, Mr. Justice Turner, in rendering the opinion of the court, said:

"It is well settled that to warrant a reformation, in the absence of fraud or imposition, there must be a mutual mistake (that is, a mistake shared by both parties); that to justify the reformation of a deed delivered, accepted, and acted upon, on the ground that it did not correctly express the agreement made by the parties, the proof must be clear and convincing; and, until a mistake has been established by such proof as leaves no rational doubt of the fact, no change will be made in the writing sought to be reformed."

This statement of the law is supported by abundant authority referred to in the above opinion.

It is also contended that the judgment is not responsive to the issues. While this is true, yet, since the cause should go back for a new trial, this condition can be remedied in the decree that may be entered in said cause upon such trial.

We find that the judgment appealed from should be vacated and said cause remanded for a new trial.

By the Court: It is so ordered.