ARTHUR v. BOARD OF COM'RS OF CHOCTAW
COUNTY *et al.*

No. 5438.  Opinion Filed April 14, 1914.

Rehearing Denied June 30, 1914.

(141 Pac. 1.)

1.  **EMINENT DOMAIN—Extent of Right—Limitation.**  The right of eminent domain is an attribute of sovereignty, and the provisions of the Constitution and statutes are limitations upon the exercise of the right.

2.  **SAME—Extent of Right—Legislative Control—Delegation—Review by Courts.**  In this state the necessity, utility, or expediency of the exercise of the right of eminent domain is vested in the Legislature, or the Legislature may delegate that power to public officials, and a court has no power to interfere with the reasonable exercise thereof.

3.  **SAME—Proceedings to Open Road—Conclusiveness of Decision—Necessity of Taking Property.**  Where a board of county commissioners determines that the opening of a public road is necessary, that decision is conclusive upon the question of necessity.

4.  **HIGHWAYS—Proceedings to Open—Notice of Hearing.**  When a petition for a public road, signed by resident freeholders of a township, is presented to a board of county commissioners, as provided by section 7553, Rev. Laws 1910, notice of the hearing of such petition to owners of property which may be affected is not required.

(Syllabus by the Court.)

*Error from District Court, Choctaw County;*
*Summers Hardy, Judge.*

Action by Robert Arthur against the Board of County Commissioners of Choctaw County and others.  Judgment for defendants, and plaintiff brings error.  Affirmed.

*L. L. Strange,* for plaintiff in error.

*R. K. Warren,* Co. Atty., and *Geo. G. Graham,* for defendants in error.

LOOFBOURROW, J.  The parties in this cause occupied the same relative positions in the trial court as here.  The plain-

tiff, Robert Arthur, it appears, was operating a ferry on Red river near Grant, Okla., and leased from H. H. Hale, owner, lot 1, section 10, lots 1, 2, and 3 of section 11, township 8 S., of range 17 E., containing about 100 acres. Said lease was for a term of three years, beginning January 16, 1913. On January 6, 1913, 49 resident freeholders of Everidge township, Choctaw county, Okla., filed a petition with the board of county commissioners of said county, representing that there was a public necessity for opening, establishing, and maintaining a public road in Everidge township between Grant, Okla., and Red river, and along certain lines indicated in the petition, praying that said road be established, and recommending that the width thereof be 33 feet. The petition was considered by the board on the 5th of May, 1913; whereupon the county surveyor was ordered to make a survey and report on the best and most practicable route for said road. The report was filed in due form, recommending that the road be made 40 feet wide, instead of 33 feet. The same was approved and adopted in full, and the board of county commissioners made an express finding that there was a necessity for opening and establishing said road to accommodate the traveling public, and to gain access to and across Red river at the two certain ferries established thereon, etc.; and it was further ordered that the county clerk give ten days' notice to all persons interested to appear before said board on the 19th day of May, 1913, at 2 o'clock p. m., and show cause, if any they had, why said road should not be so established, and settlement made for lands or other property necessary to be taken for said public use, and that H. H. Hale should have special notice by service of notice in writing ten days before the 19th day of May, 1913. On May 19, 1913, H. H. Hale, owner of the leased premises above described, appeared before the board of county commissioners and submitted a proposition for a road in another location than the one adopted by the board, but failed and refused to submit to or accept any proposition for amicable settlement with said board of county commissioners for such of his land as was pro-

posed to be taken to establish said road, and the board thereupon instructed the county attorney to bring a proper proceeding to condemn said right of way for public use as a highway.

The plaintiff commenced an action in the district court of Choctaw county for the purpose of enjoining the said board of county commissioners and E. M. Durland, road overseer, defendants, from opening and establishing said proposed public road, and praying for a temporary injunction. On the 26th day of July, 1913, the application for temporary injunction was presented to the district judge, and the same refused, from which judgment the plaintiff appealed to this court, and assigns as error that "the court erred in refusing the plaintiff in error a temporary injunction on the petition."

Plaintiff charges in his petition that the proposed road is not on a section line; that no notice of the filing of the petition with the board of county commissioners, or of hearing thereon, was given plaintiff; that no effort was made to amicably settle with plaintiff for the damage his property might sustain by reason of the establishment of such road; that the proposed road is not the nearest and most convenient route for said road between the town of Grant and Red river, but that a certain section line is the nearest, most convenient, and economical route for the construction and maintenance of a road from said town to Red river; and that the proposed road is a part of a plan and agreement between the board of county commissioners and one Ed Record to build and maintain said road to a point on Red river where the said Record intends to establish and maintain a ferry, and that the purpose and effect of establishing said road will be to take private property for a private use, not authorized by law.

The Legislature, by chapter 32, Sess. Laws 1909, adopted a general road law, which is the substitute for all former acts on that subject. See *Smock v. Farmers' Union Bank,* 22 Okla. 825, 98 Pac. 945; 36 Cyc. 1079, 1080, and cases cited. This law is carried forward in the Revised Laws of 1910 with slight and immaterial changes, and this law, together with the provisions concern-

ing eminent domain, found in article 13, c. 15, and chapter 30, Rev. Laws 1910, constitute the statutory law governing the procedure in a case of this character.

Section 32, Williams' Ann. Const., provides:

"Private property shall not be taken or damaged for public use without just compensation. * * * In all cases of condemnation of private property for public or private use, the determination of the character of the use shall be a judicial question."

Section 7553, Rev. Laws 1910, provides:

"Whenever there is public necessity therefor, the county commissioners shall upon the petition of the township board or upon the petition of the resident freeholders of the township, open and establish any public road in such township along the most practicable lines with due regard to the distance between objective points, cost of construction and maintenance and cost of right of way. The county commissioners shall in any manner they deem proper, determine the public necessity for such road: Provided, however, that whenever a majority of the resident freeholders of any municipal township, who are legal voters, shall petition the county commissioners to open and establish any public road in said township, they shall do so by any lawful method and such petition shall be conclusive evidence of the public necessity therefor."

The petition filed recites that the 49 signers thereto are resident freeholders, and the order of the board of county commissioners of May 5, 1913, recites:

"This matter coming on for hearing * * * on the petition of the resident freeholders and citizens of Everidge township," etc.

By section 7554, Rev. Laws 1910, the county commissioners are authorized to obtain the right of way for a public road by amicable settlement, but they are not required to pursue that course; they may acquire the same by condemnation proceedings.

Some of the former statutes of Oklahoma and many of the statutes of the different states provide and require that the petition for establishing a public road shall be signed by a certain number of the taxpayers or resident freeholders, and that notice

of the hearing of the petition be given the owners of the land affected by the proposed road, and under such statutes the notice is mandatory; but there is now no such provision in the Constitution or laws of this state. The right of the sovereign power to the exercise of eminent domain is inherent as an attribute of sovereignty, and the provisions of the Constitution and of the statutes are merely a limitation upon that power. As to the necessity, utility, or expediency of the exercise of the power, that is a matter to be determined exclusively by the Legislature, in the absence of a constitutional requirement that the same be submitted to a judicial tribunal, and the Legislature may delegate the right to determine the necessity for the exercise of the power of eminent domain to public officials or to private corporations to carry on enterprises in which the public is interested, and their determination that a necessity for the exercise of the power exists is conclusive. See 15 Cyc. 630. See, also, *Beekman v. S. & S. Rd. Co.,* 3 Paige (N. Y.) 45, 22 Am. Dec. 679, with voluminous notes and authorities cited. See, also, *Lynch v. Forbes,* 161 Mass. 302, 37 N. E. 437, 42 Am. St. Rep. 402, in which it is held:

"The question of whether a necessity exists for the taking of private property for the public use is a legislative and not a judicial one. If the Legislature has granted authority to a city or town to take any lands necessary for a designated public use, the landowner is not entitled to have the necessity or expediency of the taking, in any particular instance, submitted to a jury. In the absence of any statute submitting the matter to the court or jury, a decision of the question lies with the body or individual to whom the statute has delegated the authority to take."

In *Barrett et al. v. Kemp et al.,* 91 Iowa, 296, 59 N. W. 76, it is held:

"Under acts of General Assembly which empower township trustees to condemn or purchase land for cemetery purposes 'when it shall be deemed necessary,' the necessity for the taking of the property is a matter which the trustees alone can determine."

In *Knoblauch v. Minneapolis,* 56 Minn. 321, 57 N. W. 929, it is held:

"The decision of a body to which is committed the determination whether streets or alleys shall be opened, laid out, straightened, widened, or extended is conclusive as to the necessity of the improvements, and of taking private real estate for the purpose."

See, also, *So. Ill. & M. Bridge Co. v. Stone et al.,* 174 Mo. 1, 73 S. W. 453, 63 L. R. A. 301.

In Lewis' Eminent Domain (3d Ed.) sec. 255, the author says:

"Nearly all the cases hold that the question of necessity is distinct from the question of public use, and that the former question is exclusively for the Legislature. The necessity, expediency, or propriety of exercising the power of eminent domain to the extent and manner of its exercise are questions of general public policy, and belong to the legislative department of the government, and has nothing to do with the question of what constitutes a public use"—citing a long list of authorities.

Section 32, Williams' Ann. Const., *supra,* makes a "determination of the character of the use" a judicial question, that is, whether the use is public or private, and that question may be litigated in condemnation proceedings, as provided by said section, and also article 13, c. 15, and chapter 30, Rev. Laws 1910, *supra;* but there is no better example of a public use than that of the ordinary highway, where the easement or right of way vests in the public for the common and equal use of all, and the fact that eminent domain is exercised to establish a public road which leads to a ferry, and the ferry may be operated by an individual who will derive some private gain therefrom, does not deprive such highway of its public character.

The plaintiff in this case is shown to be a lessee, and is entitled to notice of the condemnation proceedings, as well as the owner. See *Dodge v. Omaha & S. W. Rd. Co.,* 20 Neb. 276, 29 N. W. 936; *Whitcher v. Town of Benton,* 48 N. H. 157, 97 Am. Dec. 597. For persons entitled to notice, see 15 Cyc. 844.

The board of county commissioners instructed the county attorney to bring proper suit to condemn this right of way. It is not alleged in, nor can it be inferred from, the petition or its exhibits that in the condemnation proceedings the plaintiff in

error will not be made a party, and, when the suit is instituted for the condemnation of this property, the plaintiff in error should be made a party, that he may have compensation for whatever injury he may sustain by reason of any damage to his leasehold, and he will then have had the benefit of the due process of law guaranteed by the Constitution.

In the ruling of the trial court we find no error.

The judgment is therefore affirmed.

All the Justices concur.