## HALE v. RECORD.

No. 5758.   Opinion Filed January 9, 1915.

Rehearing Denied March 2, 1915.

(146 Pac. 587.)

1.   **NAVIGABLE  WATERS—What  Constitute—Riparian  Rights.**
   Those rivers must be regarded as public navigable rivers in law
   which are navigable in fact.

2.   **APPEAL  AND  ERROR—Navigable  Waters—Finding—Con-
   flicting Evidence.**  Whether or not a river is a public navigable
   river is a question of fact, and when this issue is raised by the
   court for determination, and upon conflicting evidence a find-
   ing made that such river is navigable, this finding, being sup-
   ported by sufficient evidence, will not be disturbed on appeal.

(Syllabus by Galbraith, C.)

*Error from District Court, Choctaw County;*

*Summers Hardy, Judge.*

Action by H. H. Hale against E. W. Record.   From a judg-
ment for the defendant, plaintiff brings error.  Affirmed.

*I. L. Strange,* for plaintiff in error.

*Geo. G. Graham,* for defendant in error.

Opinion by GALBRAITH, C.   The writ of error in this
cause was sued out for the purpose of bringing up for review the
judgment and order of the trial court dissolving a temporary
injunction and dismissing the petition.

It was alleged in the petition that the plaintiff was the
owner of and in the possession of certain land adjoining Red
river near Arthur City, in Choctaw county, Okla.; that Red
river was the boundary line between the state of Texas and the
state of Oklahoma at that point; that Red river was a nonnavi-
gable stream; and that the defendant was trespassing on the
plaintiff's land, in this, that he was operating a ferryboat from

the Texas side to the Oklahoma side of Red river, and was anchoring the boat to plaintiff's land, and receiving and discharging freight thereon to the plaintiff's irreparable injury. The prayer was for a temporary injunction and for making the same perpetual at the hearing. The answer was a general denial.

The plaintiff in error contends that, there being no statute in the state of Oklahoma defining the rights of riparian owners of land, the common law defines and governs such rights; that Red river being a nonnavigable stream the boundary of his land extended to the middle or thread of the river, and that he therefore had the right to prevent trespassing on his premises. A part of this case was before the court and disposed of June 2, 1914. See *Arthur v. Board of Com'rs of Choctaw County et al.,* 43 Okla. 174, 141 Pac. 1.

The law is conceded to be that the land of the riparian owner along a nonnavigable river extends to the middle or thread of the stream, while that of such owner along a navigable river extends only to high-water mark. The plaintiff in error admits that, if Red river were navigable, he had no standing in the court below, and, of course, no standing in this court on appeal. In the language of counsel, "upon this question depends the right to maintain this action."

The crucial question, therefore, in this case is whether or not Red river was a navigable stream. This was a question of fact. "Those rivers must be regarded as public navigable rivers in law which are navigable in fact." *The Montello,* 20 Wall. 430, 439 (22 L. Ed. 391). The evidence concerning this fact was conflicting. This issue was submitted to the trial court for determination. The general finding of the court for the defendant included a finding against the contention of plaintiff that Red river was a nonnavigable stream, and amounted to an affirmative finding that it was navigable. *Schafer v. Midland Hotel Co.,* 41 Okla. 111, 137 Pac. 664. This finding is reasonably supported by the evidence, and is therefore binding upon this court. *Bretch Bros. v. Winston & Sons,* 28 Okla. 625, 115 Pac. 795.

One other assignment is argued in the brief; namely, that the court erred in overruling the objection to certain evidence, in this, that the defendant offered certain public documents from the War Department of the United States government tending to show that that department of the federal government treated Red river as a navigable stream beyond and west of Arthur City, Okla., and recommended appropriations for improvements of the same. The objection to this evidence was that it was immaterial. This objection was not well taken, and was properly overruled.

No sufficient reason is offered by the plaintiff in error why the judgment of the trial court should be disturbed, and we therefore recommend that the exception be overruled, and the judgment appealed from be affirmed.

By the Court: It is so ordered.