## STOCKTON v. BASS.

No. 5680.   Opinion Filed June 15, 1915.

(149 Pac. 1131.)

**APPEAL AND ERROR—Case-Made—Suggestion of Amendments—Time.** Where defendant in error did not waive his right to suggest amendments to a case-made, and the trial court, over his objection, made an order shortening the time for the suggestion of amendments to a period less than the three days allowed by statute (section 5242, Rev. Laws 1910), **held**, such order is void, and a case so settled will not be considered by this court.

(Syllabus by the Court.)

*Error from District Court, Wagoner County;*

*R. C. Allen, Judge.*

Action by Amos K. Bass against T. M. Stockton. Judgment for plaintiff, and defendant brings error. Dismissed.

*Watts & Moloney,* for plaintiff in error.

*B. L. Kirby,* for defendant in error.

PER CURIAM. On April 15, 1913, judgment was rendered in the district court of Wagoner county in favor of plaintiff, Amos K. Bass, and against defendant, T. M. Stockton. From this judgment defendant appeals to this court. He secured numerous orders extending the time to make and serve case-made, all of which allowed plaintiff ten days after service in which to suggest amendments; the case to be settled on five days' notice by either party. The last of said orders gave defendant "until October 12,

1913," to prepare and serve case-made and defendant ten days thereafter to suggest amendments to the case, to be signed, and settled on five days' notice. October 12, 1913, being Sunday, the case was served on October 13th. It is unnecessary for us to say whether "until" means inclusive or exclusive of that date, for the reason that this appeal must be dismissed 'on another ground.

On October 14th, at the instance of defendant, the trial court entered an order requiring plaintiff to appear in the courtroom at five o'clock that afternoon and show cause why the time should not be shortened in 'which to suggest amendments, and further show cause why the case should not be immediately settled and signed. At that time plaintiff appeared and refused to suggest amendments, and objected to the shortening of the time. Over the objection, the trial court made an order limiting the time for the suggestion of amendments to 5 o'clock p. m. that same day, and then and there signed and settled the case-made, to all of which plaintiff objected and excepted. The trial judge was without power to shorten the time for suggesting amendments to a period less than the three days prescribed by statute, and a case-made so settled is void. Section 5242, Rev. Laws 1910, provides:

"The case so made, or a copy thereof, shall, within fifteen days after the judgment or order is rendered, be served upon the opposite party or his attorney, who may within three days thereafter suggest amendments thereto in writing, and present the same to the party making the case, or his attorney. The case and amendments shall, upon three days' notice, be submitted to the judge, who shall sign and settle the same.   *   *   *"

As no error assigned appears upon the face of the record, the appeal is dismissed.