## DAVIDSON *et al.* v. BAILEY *et al.*

No. 4754.    Opinion Filed February 8, 1916.

(155 Pac. 511.)

1. **REFORMATION OF INSTRUMENTS—Deeds—Proof Required.**
To justify the reformation of a deed, failing to conform to the agreement of the parties thereto through mutual mistake, the proof should be clear, unequivocal, and decisive. Mere preponderance of evidence is not enough; the proof must establish the facts to a moral certainty, and take the case out of range of reasonable controversy, but need not be so certain as to go beyond any possibility of controversy.

2. **SAME—Mutual Mistake—Sufficiency of Evidence.** Evidence examined, and **held** sufficient to show that the deed given by plaintiffs to defendant did not conform to the agreement of the parties through mutual mistake justifying its reformation.

(Syllabus by the Court.)

*Error from District Court, Muskogee County;*
*R. P. de Graffenried, Judge.*

Action by John W. Bailey and another against Nettie Drake, and, defendant dying, an order of revivor was made in the names of Rose Drake Davidson, as administratrix of the estate of Nettie Drake, deceased, and others, Judgment for plaintiffs, and defendants bring error. Affirmed.

*Vernor & Vernor,* for plaintiffs in error.

*Thea E. Lipscomb* and *Sumner J. Lipscomb,* for defendants in error.

SHARP, J.   This is an action commenced April 29, 1911, to reform a deed given May 13, 1904, by plaintiffs to defendant, which deed described the property conveyed as the "south seventy-five (75) feet of lot seventeen (17)

Davidson et al. v. Bailey et al.

in block No. sixty-one (61)" in the city of Muskogee, Okla., whereas plaintiffs claimed that it should have described it as the north 14 feet of lot 18 and the south 61 feet of lot 17, in block 61, in the city of Muskogee, Okla. In plaintiffs' petition it was alleged that the mistake was mutual, and that after discovery thereof, some years subsequent to the execution of the deed, defendant refused to rectify it; wherefore plaintiffs asked that said deed be reformed by the court so as to show the true description of the land sold by plaintiffs to defendant. Defendant answered, denying any mutual mistake in the description of the property, and, on the other hand, alleged that the property described in said deed was the true and identical premises intended to be bought by defendant from plaintiffs. Trial was had to the court September 10, 1912, and judgment rendered in favor of plaintiffs, from which judgment defendant brings error to this court. Subsequent to the docketing of the case in this court plaintiff in error died, and an order of revivor was made in the names of Rose Drake Davidson, administratrix of her estate, and Rose Drake Davidson, Hattie Drake Travis, Pearl Drake Briggs, Sheridan Drake, children, and Dorothy Perry, granddaughter, as sole and only heirs of said deceased.

The question of the right of parties to a conveyance to have its terms corrected so as to conform to the intention of the parties at the time of the sale or conveyance has on several occasions been determined by this court. In *Hope v. Bourland*, 21 Okla. 864, 98 Pac. 580, the rule was stated to be that to warrant reformation, in the absence of fraud or imposition, there must be a mutual mistake, that is, a mistake shared by both parties; that to justify a reformation of a deed delivered, accepted, and

acted upon, on the ground that it did not correctly express the agreement made by the parties, the proof must be clear and convincing, and until a mistake has been established by such proof as leaves no rational doubt of the fact no change will be made in the writing sought to be reformed. Other cases announcing this doctrine are *Owen et al. v. City of Tulsa,* 27 Okla. 264, 111 Pac. 320; *Dockstader v. Gibbs,* 34 Okla. 497, 126 Pac. 229; *Shafer v. Midland Hotel Co.,* 41 Okla. 111, 137 Pac. 664; *Cleveland v. Rankin,* 48 Okla. 99, 149 Pac. 1131. As will be seen from the pleadings, the question of fact at the trial was whether the parties intended to convey the south 61 feet of lot 17 and the north 14 feet of lot 18 in block 61, or, on the other hand the south 75 feet of lot 17, block 61. Plaintiffs testified that the former was their intention and understanding, and that they so informed defendant, and measured the property in her presence; that she built a fence so as to include the former instead of the latter described property, had constructed a sidewalk in front thereof, and her house located on the property was in part situated on the north 14 feet of lot 18. Defendant's testimony, which was unsupported by other witnesses, or by surrounding facts (except that she paid the taxes on lot seventeen), was that the deed, as given, correctly described the property intended to be conveyed. It is contended by counsel for plaintiffs in error that, there being a conflict in the testimony of plaintiffs and defendant, the court could not say, under the principle announced in the former opinions of this court, there was a clear, unequivocal, and decisive proof of a mutual mistake. We cannot agree with this position, for clear, unequivocal, and decisive evidence does not mean that such evidence may not be controverted or denied. It is sufficient, as said in

*Hope v. Bourland, supra,* that the mistake be shown so as to leave no "rational doubt of the fact." Discussing this same proposition, in *Cleveland v. Rankin, supra,* it was said in the opinion:

"Proof establishing a fact so thoroughly as to take it out of the range of controversy must necessarily be of an exceedingly high order. In fact, such proof could rarely, if ever, be produced. There are cases, however, where the proof could be made so clear and decisive as to establish the fact to a moral certainty, and to leave no room for a reasonable doubt in the minds of men of ordinary intelligence. * * *"

We think the evidence in this case sufficiently meets the requirements as to the degree of proof required to reform a written instrument. That the defendant should make lasting improvements, such as fences, house, and sidewalk, upon and around property which she knew all the time to belong to another, and that she failed to so improve property adjacent thereto, which she now says she at all times owned, is so different from the ordinary conduct of property owners, whether they be educated or illiterate, as to impress us, as it undoubtedly did the trial court, with the fact that a mistake was without doubt made in the description of the property intended to be conveyed by the deed. It is true that defendant paid the taxes on the property claimed by her, but this can be attributed to the mistake in the deed, rather than to any legal claim she may have had to such property.

The judgment is affirmed.

All the Justices concur.