## HALE v. RECORD.

No. 7798—Opinion Filed Oct. 2, 1917.

Rehearing Denied Nov. 6, 1917.

(168 Pac. 420.)

(Syllabus.)

**Eminent Domain — Ferries — Highways — Pleading—Trespass—Injunction.**

The mere landing of a ferryboat at or against the end of a public highway is not ipso facto an injury to nor a trespass upon an abutting landowner's rights as owner of the fee in the soil of such highway subject to the public easement therein.

(a) An abutting landowner is not entitled to have such use of such end of such highway enjoined without showing other cause for injunctional relief.

(b) A condemnation of the land between high and low water mark in the bed of Red river on the border of Choctaw county as a part of such end of such public highway is not subject to attack in a suit for such injunctional relief by the owner of the land abutting upon such highway above high water merely because the state was not made a party to such proceedings by legal notice, and such omission of notice to the state adds nothing to the basis of such landowner's prayer for such relief.

(c) The general allegation in the pleadings of the plaintiff landowner that he will suffer "irreparable injury" unless such landing is enjoined is negatived by his more specific allegations showing that his prayer for relief is based upon the bare fact of such landing.

(d) Where the pleadings of the plaintiff show no other cause for injunctional relief, a motion for judgment thereon is properly sustained.

Error from District Court, Choctaw County; C. E. Dudley, Judge.

Suit by H. H. Hale against Ed V. Record to enjoin the latter's use of the end of a public highway at the edge of a navigable river for the landing of a ferryboat. Defendant's motion for judgment on the pleading sustained, and plaintiff brings error. Judgment affirmed.

I. L. Strange, for plaintiff in error.

Edwin A. Ellinghausen, for defendant in error.

THACKER, J. The plaintiff in error, as plaintiff below, filed a petition praying for a temporary injunction, and that the same be made permanent upon final hearing against the defendant in error, as defendant below, alleging, in effect, that the plaintiff owns land in Choctaw county, Okla., on either side of a public highway against the end of which a ferryboat, used in the operation of a public ferry across Red river, is and, unless enjoined, will be continued to be landed, and that such use of such end of such highway, that is, the landing of such boat against the same, is an invasion of and a trespass upon his rights as owner of the soil with a right to the reversion of the use of the same if the public easement should be abandoned or otherwise terminated. He further alleges "that the defendant is a resident of the state of Texas, and has no property within the state of Oklahoma to respond in damages for such injury as plaintiff would sustain by reason of" the "wrongful and unlawful" landing of such boat against such end of such public highway, and "the plaintiff has no adequate remedy at law." Defendant answered by filing a qualified denial, which need not be noticed further than to state that this answer contains no admission of any invasion of plaintiff's right, but does admit that he is operating a ferry across Red river from the state of Texas to the state of Oklahoma where said Oklahoma highway ends under a license issued by the board of county commissioners of Choctaw county and with the consent of the state land department pending action upon his application for a ferry license from such department, and that in operating this ferry he is landing his boat at such end of such public highway. To the defendant's answer the plaintiff replied, and in his reply alleged as follows:

"First. That the plaintiff denies each and every material allegation of new matter contained in the answer of the defendant, and requires strict proof thereof.

"Second. Further replying herein this plaintiff states that as riparian owner on said Red river at the place where the defendant admits that he is landing his said ferryboat that he has the right to control and protect the water front on said stream, although he may not own the land between high and low water mark, which fact is not, however, admitted in this action.

"Third. Further replying plaintiff states that the state land department has no authority by law to grant ferry rights, license or privileges nor consent thereto and cannot do so, and plaintiff further states that although he may not own the land between high and low water mark on said Red river, which fact is not admitted in this action; that the condemnation of that part of the land in controversy in this action, was not legally condemned as a public highway, as the state of Oklahoma was not made a party to the condemnation action and had no notice thereof according to law, and did not give its consent thereto, and that therefore said defendant has no right to said landing, or premises as against this plaintiff who as riparian owner is undertaking in this action to enforce his rights of property against trespass.

"Fourth. Plaintiff further states that the highway or public road heretofore condemned across his land and in the highway where defendant is unlawfully landing his ferryboat was never condemned to the water edge or low-water mark in the bed of said river."

The defendant thereupon moved the court for a decree upon the pleadings as insufficient to entitle the plaintiff to the relief demanded; and this motion was granted and a decree entered against plaintiff accordingly. The latter brings the case here for a review of this action of the trial court. The allegation by the plaintiff that he will suffer irreparable injury unless his prayer for an injunction is granted is apparently negatived by his specific allegations of the facts upon which he predicates his prayer. There appears to be no error in the action of the trial court in sustaining the defendant's motion and rendering judgment accordingly.

Assuming, but not deciding, that the pleadings could be held sufficient to show an invasion of plaintiff's rights as a riparian owner if they were sufficient to show as between himself and the defendant in this suit that the proceedings in which this land between high and low water mark was condemned as a part of the end of the public highway in question were invalid or ineffective, it seems clear that he cannot here be heard to say that they were so merely for want of legal notice to the state, and

that this consideration is an insuperable barrier to the existence in him of any rights as a riparian owner which were invaded or threatened by defendant.

For aught that appears from the plaintiff's petition it cannot be said that the defendant's use of the highway and every part of the same involved is not incident to the exercise of the public easement created by the establishment of this highway, and is not as appropriate thereto as the driving of wheeled vehicles of any character, from which travelers are to alight upon such highway, against the sides of the same or the construction of walks or driveways from private or public lands to and touching the side of the same; but be that as it may, this petition fails to show that this use of this highway invades the plaintiff's right as owner of the fee in the soil of the same subject to the public easement therein.

It may be stated incidentally that this case appears to be related in some unimportant way to the case of Hale v. Record, 44 Okla 803, 146 Pac. 587, which was related to the earlier case of Arthur v. Board of Commissioners of Choctaw County, 43 Okla. 174, 141 Pac. 1.

Since there does not appear to have been any trespass upon or injury to his freehold, nor any threat of the same, there is no case for equitable relief, and the decree of the trial court was right.

Affirmed.

All the Justices concurring, except HARDY, J., not participating.