### BELLAMY, Adm'x, v. BELLAMY.

No. 11386—Opinion Filed Nov. 27, 1923.

**1. Witnesses — Competency — Transactions With Decedents.**

A party to a civil action is incompetent to testify in his own behalf in regard to any transaction or communication had personally with the deceased, if the adverse party is the executor, administrator, etc., if the party has acquired title to the cause of action immediately from the deceased person.

**2. Accord and Satisfaction—Construction of Writing—"All Indebtedness."**

A mutual agreement in writing entered into between a debtor and creditor which recites "for a valuable consideration," the acknowledgment of the satisfaction of all indebtedness existing between the parties, and that it is a receipt by the creditor for the payment of all indebtedness owing by the debtor, includes by its terms all existing indebtedness owing by the debtor, whether due or not.

**3. Same.**

After his death, the instrument is a bar to recovery by the creditor against the estate of the debtor for any indebtedness created between the parties prior to the date of the written instrument.

**4. Reformation of Instruments—Burden of Proof—Writing Evidencing Satisfaction of Debts—Action Against Estate—Mistake.**

If the plaintiff, by way of reply to the answer of the administratrix, pleads the instrument as a bar to recovery, alleges that the written instrument did not represent the actual agreement between the parties and that it was the intention of the parties to exclude the indebtedness sued for, but by mutual mistake it was made to include the indebtedness, and prays reformation of the instrument accordingly, the burden is on the plaintiff to prove the mutual mistake and the terms of what he claims to be the true agreement by clear and convincing testimony.

**5. Same—Necessity for Mutual Mistake.**

It is insufficient that the plaintiff was mistaken in the terms used in the instrument. The instrument must likewise be the result of mistake on the part of the deceased. The plaintiff must show by clear and convincing testimony that both parties intended to make the instrument of different terms from those sought to be reformed.

**6. Same.**

The burden rests on the plaintiff to overcome the strong presumptions arising from the terms of the written instrument by clear testimony. If the proof is doubtful and unsatisfactory, if there is a failure to overcome the presumptions in favor of the writing by testimony entirely plain and convincing beyond reasonable controversy, the writing will be held to express correctly the intentions of the parties.

**7. Same—Insufficiency of Evidence.**

Record examined; held, the plaintiff did not by sufficient proof overcome the presumption in favor of the correctness of the terms of the written instrument sought to be reformed.

**8. Same.**

Record examined; held, to be insufficient to support the judgment of the court allowing reformation of the instrument and for recovery of the indebtedness sued for in the action.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Canadian County; James I. Phelps, Judge.

Action by Charles B. Bellamy for debt and reformation of written instrument against Lucile A. Bellamy, administratrix of the estate of Geo. W. Bellamy, deceased. Judgment for debt and reformation of instrument in favor of plaintiff. Defendant brings error. Reversed and remanded.

H. L. Fogg and J. C. Snyder, for plaintiff in error.

Grigsby & Grigsby and M. B. Cope, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced his action against the defendant in the district court of Canadian county, for recovery on a promissory note

in the principal sum of $5,000, executed and delivered by the deceased to the plaintiff, bearing date as of the 27th day of June, 1919, and for the recovery of the sum of $200 for payment of taxes made by the plaintiff on property alleged to be that of the decedent prior to the 21st day of November, 1919. The defendant, by way of denial, pleaded an instrument in writing in the following language:

"Agreement.

"This Agreement, made and entered into this the 21st day of November, 1919, by and between George W. Bellamy of the first part, and Charles B. Bellamy of the second part.

"Witnesseth, that in consideration of a certain assignment of a certain certificate of stock in the El Reno Company made to H. T. Smith, and by him assigned to Mrs. L. A. Bellamy, and by the said Mrs. L. A. Bellamy assigned to the party of the second part, the said party of the second part agrees that in consideration of the above certificate mentioned that this agreement cancels all obligations of the said George Bellamy to the said Charles B. Bellamy and this shall be a receipt for all indebtedness claimed by the party of the second part.

"In witness whereof the parties hereto have hereunto subscribed their names on the date above mentioned.

"(Signed) Geo. W. Bellamy,
"Party of the First Part.
"Charles B. Bellamy,
"Party of the Second Part.
"Witness:
"C. R. Hennessy."

The plaintiff in his written reply alleged that the written instrument was executed by mutual mistake of the parties and that it was the intention to exclude the indebtedness herein sued for, and prayed the reformation of the instrument so as to exclude the note and recovery for taxes from its operation. In the trial of this cause to the court the instrument was reformed as prayed for by plaintiff and judgment allowed in favor of the plaintiff and against the defendant for the indebtedness. The defendant brings error to this court and seeks reversal (a) on the ground of the insufficiency of the testimony to support the judgment for reformation, and (b) that the plaintiff was incompetent to testify about the transactions involved herein. The only evidence offered by plaintiff tending to establish his right to the reformation of the instrument was by the witness Rich Hennessy, a carpenter, whose testimony in part was as follows;

"Q. Did you have some conversation with him (George Bellamy) and he with you in reference to his business affairs in any way? A. Well, no; there was no conversation to it at that time, that I remember of. Q. Did he make any reference there in talking to you about any indebtedness that he owed any one? A. Well, he—when I went to leave him that night I went to say good-bye to him and I was standing at the foot of his bed and I cautioned him—Q. What was the suggestion you made to him, Mr. Hennessy?

"A. Well, I was standing at the foot of the bed and was going to leave and went to say 'good-bye' to George and I talked to him, you know, and I told him to do as Charlie told him—Charlie was taking care of him, as his nurse at the time, and George said to me, then, he said, 'Well, I will be worth more to Charlie dead than alive', or something like that. He said, 'He has got my note.'

"Q. Did he state the amount the note was?

"A. I think he said $5,000.

"Q. State whether or not he said he owed Charlie this note?

"A. Well, he said—Oh, don't think he said what he owed or anything; he said, 'Charlie has the note and I want it paid.' That was about all that was said at that time."

It is alleged this conversation occurred between the witness and George Bellamy, seven hours prior to his death and while the latter was in comatose state.

This evidence was insufficient to warrant the court in reforming the written instrument herein quoted, so as to exclude its operation on the $5,000 note and the taxes. It was not alleged by the plaintiff that the written agreement as executed was the result of fraud on the part of the deceased. Plaintiff relies on the allegations that the instrument as executed between the plaintiff and decedent was the result of a mutual mistake. If the plaintiff relies on the allegation of mutual mistake, the burden rests upon the plaintiff to prove by clear and convincing testimony that the written instrument did not express the agreement between the parties. The evidence of the witness Hennessy is entirely unsatisfactory in establishing proof of the alleged mutual mistake in the execution of the instrument. Hope v. Bourland, 21 Okla. 864, 98 Pac. 580; Burch v. Staples, 70 Oklahoma, 174 Pac. 271; Christner v. McKay, 77 Okla. 116, 187 Pac. 207; Stockton v. Bass, 47 Okla. 619, 149 Pac. 1131; Davidson v. Baily, 53 Okla. 91, 155 Pac. 511; Schaefer v. Midland Hotel Co., 41 Okla. 111, 137 Pac. 664; Thraves v. Greenlees, 42 Okla. 764, 142 Pac. 1027; Dockstader v. Gibbs, 34 Okla. 497, 126 Pac. 229.

The plaintiff, Charles Bellamy, was an incompetent witness and so made by section

588, Comp. Stat. 1921, to testify in respect to the transactions or communications had with the deceased, and it was reversible error to receive his testimony in the cause. Fuss v. Cocannouer, 70 Oklahoma, 172 Pac. 1077; Conklin v. Yates, 16 Okla. 226, 83 Pac. 910; Wadleigh v. Parker, 34 Okla. 213, 124 Pac. 957; MacDonald v. McLaughlin, 32 Okla. 584, 123 Pac. 158; Richardson v. Strother, 55 Okla. 348, 155 Pac. 528.

The written agreement entered into between the plaintiff and deceased on the 21st day of November, 1919, and pleaded in bar by the defendant to plaintiff's recovery, constituted a complete defense to plaintiff's causes of action. There being insufficient testimony introduced in the cause to warrant a reformation of the instrument so pleaded, the judgment in favor of the plaintiff and against the defendant is contrary to the evidence.

It is recommended that this cause be reversed and remanded.

By the Court: It is so ordered.