## AMERICAN LIFE INSURANCE CO. v. RATCLIFF et al.

No. 22313.    June 12, 1934.

Utterback & Stinson, for plaintiff in error.

C. C. Hatchett, for defendants in error T. Z. Ratcliff and wife.

CULLISON, V. C. J. The American Life Insurance Company, as plaintiff, instituted suit against T. J. Love, T. Z. Ratcliff, and others, defendants, seeking a personal judg-

ment on certain notes and to foreclose a real estate mortgage executed by Love and his wife.

The record shows that Love was the owner of certain real property upon which he and his wife procured a loan. That they executed the required notes and mortgage thereon, and after the execution of the notes and mortgage Love sold said land to defendant T. Z. Ratcliff, and conveyed the same by a warranty deed. The warranty deed from Love to T. Z. Ratcliff stated the consideration to be $1, "and the further consideration of a first loan to Whale, Cox, and Albin for $2,000, together with all interest and commission on same." Ratcliff placed said deed of record and made the necessary interest payments on the mortgage, and also paid the taxes upon said land from the time he purchased said property in 1922 until January 1, 1930, at which time he defaulted in the payment of the interest on said mortgage.

Plaintiff instituted the suit at bar seeking foreclosure of its mortgage, and personal judgment against Love and wife, makers of the note sued on, and personal judgment against Ratcliff on the grounds that he had assumed to pay said debt by the writing inserted in said deed. Defendant T. Z. Ratcliff answered by denial, and further pleaded that the deed between himself and Love did not properly state the terms of the agreement between said parties as understood by the parties to said transaction, but that said transaction was that Ratcliff was to receive said land subject to said mortgage, but that he was not to assume, and did not agree to pay, the same; and further asked for the reformation of said deed to make the same speak the truth and show what was the real consideration for said deed. To said answer plaintiff replied by denial.

The case was tried to the court without a jury, and at the conclusion of said trial the court found all the issues in favor of plaintiff and against defendants, except the issue of the assumption of the mortgage indebtedness by defendant Ratcliff and his personal liability for the payment thereof. The court held that the deed from Love to Ratcliff should be reformed so as to show that Ratcliff did not assume the mortgage on the said land, and that the purported assumption clause in said deed did not speak the truth, and that Ratcliff did not assume said debt, but that said clause was written in by mistake, and that Ratcliff is therefore not personally liable for said debt, and that no personal judgment should be rendered against him.

From said judgment plaintiff appeals to this court and contends:

"The decision of the court is not sustained by the evidence; and reformation of the deed should have been denied and personal judgment rendered against T. Z. Ratcliff in favor of the plaintiff."

The question the court was considering in said cause was whether or not there was evidence sufficient to justify the reformation of the deed so as to show that Ratcliff did not assume the payment of said debt. The rule applicable to such cases as the case at bar was announced by this court in the case of Davidson et al. v. Bailey et al., 53 Okla. 91, 155 P. 511, wherein this court announced the following rule (syl. No. 1):

"To justify the reformation of a deed, failing to conform to the agreement of the parties thereto through mutual mistake, the proof should be clear, unequivocal, and decisive. Mere preponderance of evidence is not enough; the proof must establish the facts to a moral certainty, and take the case out of the range of reasonable controversy, but need not be so certain as to go beyond any possibility of controversy."

In the body of the opinion, this court said:

"The question of the right of parties to a conveyance to have its terms corrected so as to conform to the intention of the parties at the time of the sale or conveyance has on several occasions been determined by this court. In Hope v. Bourland, 21 Okla. 864, 98 P. 580, the rule was stated to be that to warrant reformation, in the absence of fraud or imposition, there must be a mutual mistake, that is, a mistake shared by both parties; that to justify a reformation of a deed delivered, accepted, and acted upon, on the ground that it did not correctly express the agreement made by the parties, the proof must be clear and convincing, and until a mistake has been established by such proof as leaves no rational doubt of the fact no change will be made in the writing sought to be reformed. Other cases announcing this doctrine are Owen et al. v. City of Tulsa, 27 Okla. 264, 111 P. 320; Dockstader v. Gibbs, 34 Okla. 497, 126 P. 229; Schaffer v. Midland Hotel Co., 41 Okla. 111, 137 P. 664; Cleveland v. Rankin, 48 Okla. 99, 149 P. 1131."

See, also, King v. Turner, 109 Okla. 77, 234 P. 564; Cantrell v. O'Neill et al., 109 Okla. 238, 235 P. 232, and Miracle v. Jones, et al., 141 Okla. 264, 284 P. 859.

The rule stated by the authorities shows that in order to justify the reformation of

a deed which fails to conform to the agreement of the parties because of mutual mistake, the proof should be clear, unequivocal, and decisive. There must be more than a mere preponderance of the evidence, and the evidence must be sufficient to take the question out of the range of reasonable controversy.

Applying said rule to the case at bar, we find that Ratcliff testified positively that he instructed the notary who drew the deed in regard to drawing said deed, and that he specifically instructed said notary that he, Ratcliff, was not to assume the payment of said mortgage in controversy. The notary who drew the deed testified and he recalled that he drew said deed, and that he had been instructed as to the terms and conditions of said deed by the parties thereto, and that Ratcliff had not agreed to assume the payment of said mortgage. Love also testified, and after considering all the testimony of all the witnesses in said cause, we consider that the court properly held that the evidence was sufficient to justify a reformation of the deed under the rules as announced by this court and cited, supra.

Plaintiff's second contention is that the court erred in admitting incompetent evidence in the nature of hearsay. This assignment of error pertains to a portion of the evidence of the notary who prepared the deed.

This case was tried to the court without a jury. We have carefully considered the evidence in said matter, and do not believe that the evidence complained of by plaintiff was such as would justify a reversal of said cause.

We consider that the court's decision is just, and that a reversal is unwarranted. The judgment of the trial court is affirmed.

SWINDALL, ANDREWS, OSBORN, and BUSBY, JJ., concur.