## HAWKINS v. BOYNTON LAND, MINING & INVESTMENT CO.

No. 6309—Opinion Filed April 25, 1916.
Rehearing Denied May 23, 1916.
(157 Pac. 753.) ,

### Appeal and Error—Indians—Review—Questions of Fact—Weight of Evidence.

This court has power in proceedings in equity to go into and examine the evidence in order to ascertain if the judgment is clearly against the weight of the evidence, and render or cause to be rendered such judgment as the trial court should have rendered. Held, that the judgment is supported by the weight of the evidence.

(Syllabus by Rittenhouse, C.)

Error from District Court, Creek County; Wade S. Stanfield, Judge.

Action by David Hawkins against the Boynton Land, Mining & Investment Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Thomas & Thomas and J. T. Smith, for plaintiff in error.

Irwin Donovan, for defendant in error.

Opinion by RITTENHOUSE, C. David Hawkins, a Creek freedman, enrolled opposite roll No. 2227, received as a part of his surplus allotment 50 acres of land lying in sections 32 and 33, township 18 north, range 11 east of the Indian Meridian, Creek county, Okla. On December 7, 1904, and again on August 24, 1905, he executed and delivered his certain deeds conveying the above-described premises to the Boynton Land, Mining & Investment Company. This action was brought by him to quiet title, cancel the conveyances above mentioned, and for possession of said real estate.

The only question before the court was the age of David Hawkins at the time he executed and delivered said conveyances.

David Hawkins testified that on March 15, 1913, he was 26 years of age. He also testified that he could not read and write: that he could count, but that he did not understand the manner of computing age from the time he was born. Sambo Hawkins testified that he was the oldest of eleven children born to Joseph and Leah Hawkins, and was a brother of the plaintiff, enumerating by name the children of such marriage in the order in which they were born: Sambo, born 1874; Samson, born 1876 (dead); Peter, born 1879; Jerry, born 1881 (dead); one dead at birth, 1883; Misey, born 1885 (dead); David, born 1887; and Robert, born 1889. Jim L. Dyer testified that he was at the home of plaintiff in September, 1889, and that David was two years old at that time. This constitutes practically all the evidence on behalf of the plaintiff.

In support of the defense that David Hawkins was over 21 years of age at the time of the conveyances, the defendant offered as a witness Peter Hawkins, a brother of plaintiff, who testified on October 31, 1913, that David was 33 years of age at that time; that he computed the age from the fact that David was 6 years younger than he was, and by deducting the 6 years from his age it would make David 33 years old at that time; that at the time of the sale of the land in 1904 and 1905 to the defendant David was more than 21 years of age. Joseph Hawkins, father of plaintiff and of the several children mentioned in the testimony of Sambo Hawkins, testified that at the time plaintiff sold the surplus allotment located in Creek county to the defendant, in 1904, David was over 21 years of age. In the testimony of the father, no mention is made of Samson, the child dead at its birth, or Robert; the father testifying as to the names of all the children and that they were born about two years apart. This constitutes practically all the evidence offered by defendant.

David Hawkins, the plaintiff, Sambo Hawkins, a brother, and Jim L. Dyer, each testi-

fied to facts which would indicate that plaintiff was a minor at the time of the transaction with defendant; while Joseph Hawkins, father of plaintiff, and Peter Hawkins, a brother, testified that he was approximately 33 years of age on the day of the trial, and over 21 years of age at the time the first deed was executed and delivered.

The court found that David Hawkins was more than 21 years of age at the time the deeds were executed and delivered, and we are asked to set aside this judgment and find for plaintiff on the ground that there is no evidence to sustain the judgment of the lower court.

There are two rules relative to the power of the appellate court to weigh the evidence. Under the rule in actions at law, the judgment of a trial court, based upon conflicting evidence as to an issue of fact, and reasonably supported by the evidence, will have the same force and effect as a verdict of a jury in such actions; and, where there is any evidence in the record reasonably tending to support such judgment, the same will not be disturbed on appeal. This is the rule which is insisted upon in this case.

This is not an action at law, however, but a suit in equity to quiet title to the premises and cancel certain deeds. The request for possession is a mere incident and follows as a natural consequence if the equitable suit is sustained. M. J. Moore et al. v. E. J. Kelly, 57 Okla. 348, 157 Pac. 81. And we are of the opinion under these circumstances the evidence should be tested by the equitable rule. as announced in Tucker v. Thraves, 50 Okla. 691, 151 Pac. 598, as follows:

"In a case purely of equitable cognizance, where the parties are not entitled to a jury, this court has on appeal the power to go into and examine the evidence, and, where the judgment of the trial court is clearly against the weight of the evidence, to render or cause to be rendered such judgment as the trial court should have rendered."

The mother of the plaintiff was dead; the father testified that his son was over 21 years of age at the time the deeds were executed and delivered. This was perhaps the best evidence obtainable, and was corroborated by Peter Hawkins, a brother of plaintiff, and, in our opinion, the judgment is supported by the weight of the evidence, and the same should be affirmed.

By the Court: It is so ordered.