## DANDRIDGE v. DANDRIDGE.

No. 7417—Opinion Filed June 13, 1916.

(158 Pac. 445.)

**Appeal and Error — Judgment — Conflicting Evidence—Equity.**

The judgment of the trial court in an equitable action, where the evidence is conflicting, should be given weight, and, unless the appellate court is satisfied that the conclusions reached by him are wrong, should be affirmed.

(Syllabus by Burford, C.)

Error from District Court, Muskogee County; Fred P. Branson, Judge.

Action by Mattie Dandridge against P. C. Dandridge. Judgment for defendant, and plaintiff appeals. Affirmed.

Geo. B. Parker, for plaintiff in error.

Dan Meredith and G. W. P. Brown, for defendant in error.

Opinion by BURFORD, C. This was an action by Mattie Dandridge, the divorced wife of P. C. Dandridge, against the said P. C. Dandridge to declare a trust for certain real property. It was claimed by the plaintiff that at the time of her marriage she had certain moneys in the custody of her father which were delivered to her husband, the defendant, and that he had invested the same in certain real property, which he agreed to convey to her and represented that he had conveyed to her. It is also alleged that she had sold her allotment as a Cherokee freedman, and that her husband had received the consideration therefor, and had invested this money in certain other lands; that a divorce had since been granted, in which no property rights were adjudicated, and it was sought to impress such land, the legal title to which, it was alleged, was in the defendant, P. C. Dandridge, with a trust in the plaintiff's favor.

On the part of the defendant it was contended that he had never received any money, at or near the time of his marriage, from the plaintiff or her father, and that he owned the real estate in question prior to his marriage, and that no part of the plaintiff's money had been applied to the purchase price of said real estate. In regard to the allotments, he contended that the disposition thereof was made in two sales; that the proceeds of the first sale were delivered to the plaintiff, except one horse which was received as part consideration, and which he afterwards sold and invested the sale price in a buggy to replace one broken by the plaintiff, and which second buggy was worn out by their mutual use during their married life. As to the second sale, he contended that two tracts of land, one belonging to him and one to his wife, were sold together, and that all but a few dollars of the purchase price of that portion of the land so sold belonging to the plaintiff was applied to pay a mortgage and the accumulated interest thereon which the plaintiff had placed on the land to obtain money to assist her father. He also contended, and fairly proved, that only one payment of $12.50 had been made, after the marriage, on the purchase price of the lots upon which a trust was claimed, and which constituted the homestead property during their marriage. Plaintiff established many of the allegations of her petition by the testimony of herself and father. The defendant's position was maintained by his own testimony, some record evidence in regard to the deeds, and by the testimony of two witnesses who contradicted material portions of the plaintiff's testimony, not relating, however, to the payment of the first sum of money claimed to have been received by

the husband. The trial court, who saw the witnesses, found a general judgment in favor of the defendant, which would carry with it a finding favorable to him both upon the issue as to the receipt of the first money and upon the question of the disposition of the proceeds of the sale of the allotments.

After a careful examination of the record, we are unable to say there is such a preponderance of the evidence in the plaintiff's favor that we should set aside the judgment of the trial court. Where a trial is had to a chancellor involving cases of this sort, the judgment of the trial court, who sees and hears the witnesses, should be given weight, and, unless the appellate court can fairly say that the judgment is wrong, the same should be affirmed.

The plaintiff strenuously contends for the sale price of the horse and the payment of $12.50. We think the defendant fairly explains the disposition of the money arising from the sale of the horse; and, if his testimony be believed, certainly no trust in real estate could be declared by virtue of it.

Contention is also made for the $12.50 payment made on the lot. The defendant absolutely denied that he received any money from the plaintiff to make this payment, or that he did make such payment out of her funds. The trial court found with him on the general issue, which carries this issue of fact with it, and we are not disposed in this regard to disturb the finding. Even if the $12.50 payment could be established, certainly the maxim "de minimis non curat lex" would apply.

Judgment affirmed.

By the Court: It is so ordered.