## BURCH v. STAPLES.

No. 9026—Opinion Filed July 23, 1918.

(174 Pac. 271.)

### 1. Reformation of Instruments — Evidence —Sufficiency.

In order to justify a reformation of a contract, the evidence must be full, clear, and unequivocal, and convincing as to the mistake of its mutuality. Mere preponderance of evidence is not enough. The proof must establish the facts to a moral certainty, and take the case out of the range of reasonable controversy.

### 2. Sufficiency of Evidence.

The evidence in this case examined, and held, that the judgment of the trial court is not against the weight of the evidence.

(Syllabus by Hooker, C.)

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by C. E. Burch, guardian, against Porter Staples. Judgment for defendant, and plaintiff appeals. Affirmed.

Sigler & Howard, for plaintiff in error.

Mason & Ahern, for defendant in error.

Opinion by HOOKER, C. The plaintiff in error instituted this action in the lower court against the defendant in error to recover money alleged to be due to him as guardian for the renewal rentals on certain real estate leased by him as such guardian on the 24th day of February, 1914, to said defendant in error. In this action the plaintiff in error seeks to have the oil and gas lease contract reformed, so as to make the same speak the true agreement between the parties, and to recover therefor the amount of money which he claims to be due thereon.

It appears that the plaintiff in error, as guardian, leased two tracts of land belonging to his wards to the defendant in error, and that the lease thus executed by the plaintiff in error was approved by the county court of Stephens county. In the answer filed in this action, as well as from the evidence introduced by the defendant in error, it is expressly asserted that the contract or lease between the parties was as agreed upon, and that by virtue thereof no amount was due by the defendant in error to said plaintiff in error. The trial court heard the evidence and refused to grant to the plaintiff in error the relief demanded, and after a motion for a new trial was filed the plaintiff below appealed here, and insists that, inasmuch as this is an equity case, this court should review this evidence and render a judgment in his favor.

From a careful consideration of the evidence, we cannot say that the trial court committed any error in deciding this case. The evidence is conflicting, and the judgment of the trial court is not clearly against the weight of it. This court, in Cleveland v. Rankin, 48 Okla. 99, 149 Pac. 1131, said:

"Where an agreement, as reduced to writing by a scrivener, omits or contains terms or stipulations contrary to the common intention of the parties, the instrument will be corrected, so as to make it conform to their real intent, to the end that the parties be placed as they would have stood if the mistake had not occurred. But in such case the party alleging the mistake must show exactly in what it consists and the exact correction to be made; that the mistake was mutual or common to both parties (that is, it must appear that both have done what neither intended.) On the point, and to justify a correction, the evidence must be full, clear, unequivocal, and convincing as to the mistake and its mutuality. Mere preponderance of evidence is not enough. The proof must establish the facts to a moral certainty, and take the case out of the range of reasonable controversy; but it need not be so certain as to go beyond any possibility of controversy."

Considering the facts in this case within the rule thus announced, which is clearly supported by authority, this court cannot say that the judgment of the trial court is clearly against the weight of the evidence. Voris v. Robbins, 52 Okla. 671, 153 Pac. 120; Hawkins v. B. L. M. & I. Co., 59 Okla. 30, 157 Pac. 753; Clayton v. Oberlander, 59 Okla. 35, 157 Pac. 929; Mendenhall v. Walters, 53 Okla. 598, 157 Pac. 732; Dandridge v. Dandridge, 59 Okla. 146, 158 Pac. 445.

The judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.