BARNETT et al. v. KUNKLE et al. *

(Circuit Court of Appeals, Eighth Circuit. March 8, 1919.)

No. 5200.

1. REFORMATION OF INSTRUMENTS ⊜⇒17(1)—MISTAKE—INTEREST IN LAND.
  A mutual mistake as to the interest of the grantor in the land is a mistake of fact, not of law, though induced by a mistaken view of the law.

2. REFORMATION OF INSTRUMENTS ⊜⇒20—FRAUD OF GRANTEE—INTEREST CONVEYED.
  Where an Indian, who could not read English, mistakenly believed that he had only a one-half interest in the land conveyed, and was confirmed in that belief by statements of the grantee, equity will grant relief to the grantor from a deed conveying the entire estate.

3. REFORMATION OF INSTRUMENTS ⊜⇒16—INTENT OF PARTIES—INTEREST CONVEYED.
  Where both parties to a deed believed that the grantor owned only a one-half interest in the land, and the grantee informed the grantor, who could not read English, that the deed conveyed only a one-half interest, the grantor is entitled to relief against the deed, which in terms conveyed the entire interest in the land.

4. EQUITY ⊜⇒262—MOTION FOR JUDGMENT ON PLEADINGS.
  Where a grantor is entitled to have a deed conveying a tract of land reformed, because of mutual mistakes and misrepresentations by the grantee, so as to convey only a one-half interest, a cross-bill in a suit to quiet the title by subsequent grantees, who were also grantees from the alleged husband of grantor's daughter, alleging that the daughter was not legally married, so that the grantor inherited the entire interest, raised an issue of fact, and it was error to give judgment against him on the pleadings.

5. EQUITY ⊜⇒262—JUDGMENT ON PLEADINGS.
  In a suit to quiet title, where the defendants filed a cross-bill to reform a deed, answers to the cross-bill, alleging plaintiffs to be bona fide purchasers, allege an affirmative defense, which must be proved, and do not entitle plaintiffs to judgment on the pleadings.

  Hook, Circuit Judge, dissenting in part.

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Suit by W. A. Kunkle and others against Tucker Barnett and others to quiet title to land. Decree for plaintiffs, and defendants appeal. Reversed, with directions.

Lewis C. Lawson, of Holdenville, Okl., for appellants.

A. A. Davidson, of Tulsa, Okl. (P. C. West, R. S. Sherman, Grey Moore, and J. A. Veasey, all of Tulsa, Okl., and John B. Patterson, of Okemah, Okl., on the brief), for appellees.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied May 24, 1919.

AMIDON, District Judge. Annie Bird, a full-blood Creek citizen, died in September, 1909, intestate and without issue, seized of the lands in controversy as her allotment. She left surviving her Tucker Barnett, her father, an alleged husband, Jimmie Bird, with whom she had lived for years, and a sister, Maggie Harjo.

January 26, 1910, Tucker Barnett conveyed the land by warranty deed to one Lake Moore, under whom plaintiffs claim.

On January 11, 1913, Jimmie Bird, the alleged husband of Annie Bird, conveyed the land by quitclaim deed to one Litchfield, from whom plaintiffs afterwards obtained title.

This suit was brought by plaintiffs Kunkel and the Prairie Oil & Gas Company against Tucker Barnett, Maggie Harjo, and others to quiet their title to the land. Defendants answered, and also filed a cross-bill, setting up claims to the land as heirs of the allottee, and alleging that Jimmie Bird was not her lawful husband, because at the time of his marriage to her, and at the time of her death, he had a former wife living from whom he had not been divorced. They also alleged that the estate of Annie Bird was an inheritance from her parents, who were duly enrolled citizens of the Creek Nation, and therefore the land reverted to them in equal shares, under the rule in Shulthis v. McDougal, 170 Fed. 529, 95 C. C. A. 615; so that Tucker Barnett, the father, would take a half interest, and the other half would pass to Maggie Harjo as the sole lineal heir of her mother, to whom it would have passed if the mother had been living.

The cross-bill also alleged that the deed from Barnett to Moore was void, because it conveys the entire estate, when it was the intent of Barnett that it should convey only a half interest. It is charged that Moore, at the time the deed was executed, expressly represented to the Indian that he owned only a half interest and that the deed conveyed only a half interest, and that the Indian was unable to read and had no independent advice, but acted wholly upon Moore's statement.

To this cross-bill complainants filed answers setting up, among other things, that they were bona fide purchasers for value.

On the case being called for trial, plaintiffs moved for judgment on the pleadings, which motion was sustained, and a decree entered dismissing the cross-bill on the merits, and establishing plaintiff's title. To review that decree defendants bring the present appeal.

The case was greatly complicated at the time the pleadings were drawn, and the trial had in the lower court, by uncertainty as to whether the inheritance from Annie Bird was controlled by the rule in Shulthis v. McDougal, 170 Fed. 529, 95 C. C. A. 615, or by the statute of inheritance of Oklahoma. Section 8418 of the Revised Laws of Oklahoma for 1910. Since the decree here under review was made, that uncertainty has been settled by the decision of the Supreme Court in Jefferson v. Fink, 247 U. S. 288, 38 Sup. Ct. 516, 62 L. Ed. 1117. It is there held that the inheritance is controlled by the statute of Oklahoma, which provides as follows:

"If the decedent leave no issue, the estate goes one-half to the surviving husband or wife, and the remaining one-half to the decedent's father or mother, or, if he leave both father and mother, to them in equal shares. * * *

If decedent leave no issue, nor husband nor wife, the estate must go to the father or mother, or if he leave both father and mother, to them in equal shares."

Under this statute, if Jimmie Bird was the husband of Annie Bird, the inheritance passed one-half to him and one-half to the father, Tucker Barnett. If Jimmie Bird was not her husband, then the entire estate passed to Tucker Barnett.

Under this law Maggie Harjo took no interest in the property, and is out of the case, except to the extent that her asserted interest at the time the deeds were made may be considered in determining the belief under which Moore and Barnett acted at the time the deed was signed.

Under the decision in Jefferson v. Fink, Barnett was the owner of the entire estate, in case Jimmie Bird was not the lawful husband of Annie Bird at the time of her death. Whether he was such husband involves an inquiry into questions of fact, and possibly as to what law controls in determining family status among the Indians of Oklahoma. Barnett was entitled to a trial upon that issue, unless he is precluded by his deed. The averments of the cross-bill are imperfect, but they are sufficient as against a motion for judgment upon the pleadings.

In our judgment he is entitled to relief against the deed upon either of three grounds:

[1] 1. The deed was given under a mutual mistake of both grantor and grantee as to the extent of Barnett's interest in the land, they both believing that he had only a half interest. Looking at both the bill and cross-bill, as we must, Moore must have believed that Barnett owned a half interest and Jimmie Bird a half interest; while Barnett must have believed that he and Maggie Harjo each owned a half interest. A mistake as to the extent of a party's interest in land is a mistake of fact and not of law, although it may be induced by a mistaken view of the law. Pomeroy's Equity Jurisprudence (4th Ed.) § 849. The rule is there stated as follows:

"Wherever a person is ignorant or mistaken with respect to his own antecedent and existing private legal rights, interests, or estates, either of property or contract, and enters into some transaction, for the purpose of affecting such assumed rights, interests or estates, equity will grant its relief defensive or affirmative, treating the mistake as analogous to, if not identical with, a mistake of fact."

This rule was expressly approved by this court in Order of United Commercial Travelers v. McAdam, 125 Fed. 358, 61 C. C. A. 22, and accurately states the law both in this country and in England.

[2] 2. The deed was given under a mistake by Barnett, as to the extent of his interest, which mistake was aided and confirmed by the statement of Moore that Barnett owned only a half interest. Considering the relative knowledge and ability of the parties to judge of such matters, this statement of Moore would constitute such an equitable circumstance as would justify granting relief to Barnett. Pomeroy's Equity Jurisprudence, § 847, and the numerous authorities there cited.

[3] 3. At the time the deed was signed it was the belief of both parties that Barnett was the owner of only a half interest, and that

was all either party intended to convey. The deed, therefore, fails to express the real contract between the parties; and it would be a fraud to permit Moore, who prepared it and is charged in the cross-bill to have represented to the Indian, who could not read English, that it conveyed only a half interest, to hold the entire estate, if it should turn out that Barnett was in fact the owner of the entire estate at the time the deed was given. Carrell v. McMurray (C. C.) 136 Fed. 661; Walden v. Skinner, 101 U. S. 577, 25 L. Ed. 963; Snell v. Insurance Co., 98 U. S. 85, 25 L. Ed. 52; Medical Society v. Gilbreth (D. C.) 208 Fed. 899; Phillipine Sugar Co. v. Phillipine Islands, 247 U. S. 385, 389, 38 Sup. Ct. 513, 62 L. Ed. 1177; Pomeroy, § 845.

[4] It seems clear, therefore, that Barnett, as against Moore, is entitled to a reformation of the deed, so that it will convey only a half interest, provided Jimmie Bird was not the lawful husband of Annie Bird. And as to the latter issue, as well as the issues relating to the giving of the deed, he was entitled to a trial upon the facts, and it was error to give judgment against him upon the pleadings.

[5] We are aware that the defendants Kunkle and the Prairie Oil & Gas Company claim to be good-faith purchasers. That, however, is an affirmative defense, and must be proven by them. Wright-Blodgett Co. v. U. S., 236 U. S. 397, 35 Sup. Ct. 339, 59 L. Ed. 637; Northern Colorado Coal Co. v. U. S., 234 Fed. 34, 36, 148 C. C. A. 50.

The case was greatly confused in the pleadings and arguments at the time it was before the trial court, because of uncertainty as to whether the inheritance was controlled by the rule in Shulthis v. McDougal or by the statute of Oklahoma. All that confusion has now been cleared up by the decision of the Supreme Court in Jefferson v. Fink. It may be that the pleadings ought to be reframed, so as to present the issue as it now exists. If so, the trial court will be at liberty to deal with any such matter in a way to promote a fair trial of the case upon the merits.

The decree is reversed, and the trial court is directed to proceed with the suit in accordance with the views here expressed.

HOOK, Circuit Judge. I do not think the pleadings as presented to the trial court and to us upon the record entitle appellant Barnett to a trial of the question whether he had a larger estate than the one he intended to convey.