## TESCIER v. GOYER.

No. 8086—Opinion Filed March 11, 1919.

(181 Pac. 503.)

(Syllabus.)

**Appeal and Error—Judgment of Trial Court In Equity Action—Conflicting Evidence—Affirmance.**

A judgment of the trial court in an equity action where the evidence is conflicting should be given weight, and, unless the court is satisfied that the conclusion reached by the trial court is wrong, should be affirmed.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Suit by Rosalie Goyer against Anthony Tescier. Judgment for plaintiff, and defendant brings error. Affirmed.

Philip E. Winter, for plaintiff in error.

W. P. Harper, for defendant in error.

McNEILL, J. Rosalia Goyer brought this suit in the district court of Oklahoma county against the defendant, Anthony Tescier, for specific performance of a contract which had been fully executed on behalf of the plaintiff and to require the defendant to execute a deed to lots 2, 3, and 6 of section 7, township 12 north, range 1 east, I. M., in Oklahoma county, state of Oklahoma. The case was submitted to the court and the court found the issues in favor of the plaintiff and against the defendant, and ordered the defendant to execute a deed to the above-described property.

From this judgment defendant appeals, and as error alleges that the judgment of the court below is not sufficiently supported by the evidence and is contrary to law.

The plaintiff below pleaded and introduced evidence to prove an oral contract and agreement whereby she agreed to procure for the defendant a deed to certain other lands, and to pay the defendant the sum of $140, and to deed to the defendant a certain portion of her land. She alleged she had complied with all her contract, had obtained the deed from the other parties to said defendant, had delivered a deed to her own land, and had tendered the sum of $140 to defendant, and also tendered the $140 into court for the use of defendant.

There were but three witnesses that testified as to this contract, plaintiff and her husband, upon the one side, and the defendant, upon the other side. The evidence was very conflicting as to the terms and conditions of the contract. The defendant claimed that the plaintiff was to pay the sum of $550, and the case was submitted upon that issue. There was some contention that the deed from plaintiff to defendant was to be approved by the Secretary of the Interior, but the evidence does not disclose that the Secretary of the Interior had refused to approve said deed, but the inference was that the defendant had failed to submit the same to the Department for approval. From the examination of the case it appears the only question is: Was the evidence sufficient to support the finding of the court? This court has laid down the following rule:

"While in cases of purely equitable cognizance the Supreme Court will review the evidence, the judgment of the trial court ought not ordinarily be set aside unless clearly wrong." Heckman v. McQueen, 57 Okla. 303, 157 Pac. 139.

This court again, in the case of Dandridge v. Dandridge, 59 Okla. 146, 158 Pac. 445, states as follows:

"The judgment of the trial court in an equitable action, where the evidence is conflicting should be given weight, and, unless the appellate court is satisfied that the conclusions reached by him are wrong, should be affirmed."

The evidence is conflicting as to one issue, and that is the amount the plaintiff was to

pay. Two witnesses swear it was to be $140, and one swore it was to be $550. The trial judge heard the evidence, saw the witnesses on the stand, and was better able to judge the weight and credibility to be given their testimony than the appellate court, and, having found for the plaintiff, whose testimony was corroborated by her husband, we cannot say the judgment of the court is contrary to the weight of the evidence.

The judgment of the trial court is therefore affirmed.

All of the Justices concurring.