DAVIS v. JACKSON et al.

No. 30735. Dec. 1, 1942.

Rehearing Denied Jan. 19, 1943.

*132 P. 2d 923.*

Arnote & Arnote, of McAlester, for plaintiff in error.

S. F. Brown and A. C. Sewell, both of McAlester, for defendants in error.

DAVISON, J. This is an action to reform or cancel certain previously executed deeds' in order to effect a proper division of property and to confirm or recover possession of such property in accord with the division. The action is therefore equitable in nature. Gault v. Spears, 125 Okla. 126, 256 P. 515; Simon v. Hine, 78 Okla. 224, 190 P. 264.

The action was instituted in the district court of Pittsburg county on September 10, 1940, by C. C. Jackson, Arthur Jackson, and Luther Jackson against Ida May Davis, formerly Jackson, as defendant. The plaintiffs prevailed in the trial court, and the defendant appeals. We shall continue to refer to the parties by their trial court designation.

The plaintiffs are the sons and only heirs of Ed Jackson, deceased, who died in June of 1937. Prior to his death he had been married to the defendant, Ida May Jackson, from whom he was divorced on November 7, of 1936.

In contemplation of the divorce the parties thereto had agreed upon a division of their property. In accord with their agreement they entered into a written contract respecting the property and the disposition thereof. This agreement was submitted to the court at the time the divorce was granted and approved in connection with the dissolution of the marriage relation. Incidentally, by way of explanation, though not important from a legal standpoint, both of the parties to the divorce action had been previously married.

The only item of property concerned in this action is a tract of land referred to in the settlement as an 84-acre tract. With respect to this piece of property the agreement provided:

"It is further agreed that the 84 acres of land owned jointly by plaintiff and defendant shall be divided equally, according to evaluation, which shall be determined by three disinterested parties one to be chosen by plaintiff, one by defendant, and the third by those two so

chosen, and it is further agreed that the plaintiff and defendant each shall pay one-half of the 1936 taxes on said land.

"The parties hereto agree to execute whatever papers may be necessary to vest complete title in the other to the half going to him or her, it being understood that after said land is so divided plaintiff may select whichever half she may desire."

The record reflects that this agreement with reference to the method of arriving at a division of the tract into portions of equal valuation was not followed, although a division was made or attempted. The division was attempted to be accomplished by an exchange of deeds to separate portions of what was thought to be the tract. The allocation of land was suggested by Jackson and acquiesced in by his former wife, the defendant herein. It was later discovered, however, that there was a mistake and 20 acres of the land which was described in the deed from the defendant to Jackson was not and had not been owned by the parties. If the land as described in the deeds had been owned by them, the division as made would have approximated equality, both as to area and value. But the improper inclusion in the deed of land which did not belong to the parties threw the transaction out of balance, and the trial court's judgment constituted an effort to rectify the error. The question in this appeal is whether the error was subject to correction by judicial action.

The plaintiffs in this action hold as heirs and not as purchasers, and their right to maintain an action of the character now before us, if one existed in favor of the intestate prior to his death, is not a subject of dispute. They are the recognized successors of their ancestor.

It is generally recognized (and not controverted in this litigation) that a mutual mistake of fact constitutes an appropriate basis for reformation of deeds or other instruments or contracts of a less formal nature.

Preliminary to a more detailed analy-

sis of the facts reflected by the record, it is well to recognize what can or may constitute a mutual mistake of fact. A rule of concrete value in this case was recognized and restated by the Federal Circuit Court of Appeals in Barnett v. Kunkle, 256 Fed. 644. It was therein said, at page 646:

"The deed was given under a mutual mistake of both grantor and grantee as to the extent of Barnett's interest in the land, they both believing that he had only a half interest. Looking at both the bill and cross-bill, as we must, Moore must have believed that Barnett owned a half interest and Jimmie Bird a half interest; while Barnett must have believed that he and Maggie Harjo each owned a half interest. A mistake as to the extent of a party's interest in land is a mistake of fact and not of law, although it may be induced by a mistaken view of the law. Pomeroy's Equity Jurisprudence (4th Ed.) par. 849. The rule is there stated as follows:

" 'Wherever a person is ignorant or mistaken with respect to his own antecedent and existing private legal rights, interests, or estates, either of property or contract, and enters into some transaction, for the purpose of affecting such assumed rights, interests or estates, equity will grant its relief defensive or affirmative, treating the mistake as analogous to, if not identical with, a mistake of fact.'

"This rule was expressly approved by this court in Order of United Commercial Travelers v. McAdam, 125 Fed. 358, 61 C. C. A. 22, and accurately states the law both in this country and in England."

Of similar import see Higgins v. Classen, 176 Okla. 233, 55 P. 2d 101; Clement Mortgage Co. v. Lewis, 122 Okla. 188, 253 P. 88.

It is appropriate to mention at this point that evidence of mutual mistake must be clear, unmistakable, and convincing in order to justify a reformation (Oklahoma City Federal Savings & Loan Association v. Clifton, 183 Okla. 74, 80 P. 2d 283; Whittaker v. White, 169 Okla. 336, 37 P. 2d 247); but it need not be so certain as to go beyond any possibility of controversy (Davidson v. Bailey, 52 Okla. 91, 155 P. 511).

Returning to the particular problem confronting us in this litigation, it is apparent that Ed Jackson and his former wife intended to make an equal division of the particular tract of land by dividing it into two parts of equal value. As a means to the accomplishment of this end they agreed upon the private appointment of appraisers to make the division, after which they contemplated the execution of deeds to perfect the division.

The proof establishes that the method agreed upon was never followed, that is, the appraisers were never appointed. After a period of some delay the parties to the divorce proceeding met with their respective attorneys. The deeds which were executed and exchanged were drawn by one or both of the attorneys for the parties. The attorneys appeared as witnesses in this case, but their recollection was not positive as to just who drafted the instruments, nor were they positive as to just how they arrived at the descriptions inserted therein. It is apparent that neither Mr. Jackson nor his former wife was sufficiently versed in land descriptions to have an accurate and positive idea of the precise land contained in the deeds.

After the exchange of deeds had been consummated it was discovered that the land conveyed to Jackson by deed from his former wife contained two adjacent ten-acre tracts of land which did not belong to the parties. Thus Mr. Jackson received 20 acres less than his deed purported to convey and his share of the land actually acquired was thus diminished in amount.

Proof at the trial of this case indicated the acreage value of the land was about the same and a subsequent survey revealed that the total area of the tract was only 77.8 acres. While in some respects the proof is somewhat vague, it is clear and convincing in its general probative force tending to establish that a mistake was made in the division. The defendant, plaintiff in error herein, emphasizes that Mr. Jackson was more active in promoting the exchange of deeds than she; however, his activity in that

respect is not inconsistent with the mistake that was actually made.

The trial court found that a mistake had been made and that the evidence justified reformation of the instruments to provide an equal division. Its decision in that respect is supported by our previous holdings cited above.

We approve the holding of the trial tribunal.

Complaint is also made of the alleged improper admission of evidence, and also of alleged error of the trial court in striking a paragraph from the defendant's answer. These complaints, while briefly presented, are not supported by cited authority. We have examined them and find no prejudicial error in connection therewith. In this court the presumption is that the trial court did not err. Alleged errors presented in a brief unsupported by authority or convincing argument are insufficient to overcome the presumption. Fidelity Laboratories, Inc., v. City of Oklahoma City and E. W. Westmoreland, 191 Okla. 473, 130 P. 2d 834.

The decision of the trial court is affirmed.

WELCH, C. J., and OSBORN, GIBSON, HURST, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY and BAYLESS, JJ., absent.