DRYDEN v. BURKHART, Adm'x.

No. 32451.  Dec. 17, 1946.

Rehearing Denied Feb. 18, 1947.

*177 P. 2d 121.*

C. J. Brown, of Oklahoma City, for plaintiff in error.

A. V. McCuiston, of Oklahoma City, for defendant in error.

GIBSON, C. J. This is an appeal by the plaintiff from an order of the district court of Oklahoma county vacating a judgment recovered by plaintiff in an action therein.

The action was one to quiet title to several lots in an addition to Oklahoma City, of which plaintiff claimed to be owner through a tax deed issued under tax sale purchase certificates. Previously, the record title appeared in the name of P. S. White, and, of those made defendants in the action, appears "P. S. White, Luna White, if living, but if they, or either of them be deceased, the unknown heirs, executors, administrators, devisees, trustees and assigns of such deceased person." The defendants were served by publication only and on default in appearance plaintiff was awarded judgment on January 22, 1945.

On June 1, 1945, upon her oral motion without notice to plaintiff the court entered an order recognizing Inez Burkhart, administratrix with will annexed of Passmore S. White, deceased, as a party defendant in said cause, granting leave to movant to file therein her application to vacate judgment and her answer and cross-petition tendered therewith, and setting the application for hearing on June 14, 1945.

On June 11, 1945, plaintiff filed in the cause motion to vacate the order recognizing the applicant as a party defendant upon the ground same was entered without notice to plaintiff and upon the further ground that applicant had no interest in the subject matter because the appointment of applicant as administratrix was void for lack of jurisdiction in the court to make same. By consent of the parties, the hearing of the motion was deferred until hearing of the application to vacate the judgment where the same issue would be tendered by plaintiff's response to the application.

The application to vacate the judgment, apart from averments not material here, alleged: that applicant was, by order of the county court of Oklahoma county, Okla., appointed administratrix, with will annexed, of the estate of Passmore S. White; that letters were issued to her on September 11, 1941, and that same are, and since date of issuance had been in full force and effect; that her decedent, Passmore S. White, was the same person as P. S. White, the owner of record of said lots, and that the fact of such identity was reflected in the probate proceedings.

The response of plaintiff, apart from averments not material here, alleged generally that the letters issued to said applicant were void for lack of jurisdiction in the county court to issue the same; that the property involved in the action wherein the judgment was rendered was in the name of P. S. White and that by reason of the void character of the probate proceedings plaintiff was not charged with notice of the proceedings in the estate of Passmore S. White; and that applicant, as such administratrix, or otherwise, had no interest in the land involved.

As grounds for reversal of trial court's order vacating the judgment argument is presented under the following proposition:

1. Inez Burkhart, administratrix with the will annexed, was not legally a defendant herein.

2. The court had no authority to vacate the judgment on the application of one not a party to the judgment.

3. The appointment of Inez Burkhart as administratrix with the will annexed of the estate of Passmore S. White, deceased, was void for lack of jurisdiction.

4. The court did not adjudge that the applicant had a valid defense to the cause of action on which the judgment was based, and the answer filed was not a complete answer.

The substance of the argument made under the first and second propositions

is that the identity of P. S. White and Passmore S. White were unknown to plaintiff and not reflected in said probate proceeding; that the *claimant* against whom she was authorized to proceed under Tit. 12, O.S. 1941 §1141, was P. S. White, in whose name the title stood, and hence in legal effect Passmore S. White or his representative was not a party to the proceeding nor bound by the judgment, and therefore could maintain an independent action; and that not being a party against whom the judgment was rendered, she was not authorized under Tit. 12, O.S. 1941 §176, to obtain a vacation of the judgment.

Upon the trial, the issue of the right to vacation of the judgment was expressly presented by counsel, and considered and determined by the court solely on the question whether the appointment of the applicant as administratrix was valid. Such being true, the theory advanced under propositions 1 and 2 was not presented to the trial court and cannot for the first time be raised on appeal. We have repeatedly held that parties will not be permitted to prevail in the Supreme Court on issues not raised in the trial court. Starr v. Vaughn, 113 Okla. 247, 241 P. 152; Butterick Co. v. Molen, 192 Okla. 602, 138 P. 2d 89.

Pertinent to the question of the jurisdiction of the county court to make the appointment, which is discussed under plaintiff's third proposition, the evidence reflects the following facts:

Passmore S. White, then a resident of Jackson county, Arkansas, died testate on April 19, 1925, and his will was probated by the county court of Jackson county on April 27, 1925, and administration there had. On June 28, 1926, upon application of Luna A. White, widow of deceased, joined in by the foreign executor, the county court of Oklahoma county appointed as administrator of the Oklahoma estate one C. O. Fowler, who qualified and acted as such until July 21, 1941, when upon motion of Mrs. R. E. Eden, nee Luna A. White, daughter of deceased, the Oklahoma county court found that the administration had been granted without there having been presented and filed an authenticated copy of the Arkansas proceedings in the matter of the probate of the will of the deceased, that the proceedings had in the Oklahoma county court were without authority of law, and ordered the administrator to render an account and upon approval thereof that he be discharged and the records be expunged. Thereafter, on August 4, 1941, Mrs. R. E. Eden, a resident of Arkansas, filed in the county court of Oklahoma county her petition for letters of administration upon the estate of said Passmore S. White to be issued to Inez Burkhart, a resident of Oklahoma county. In the petition it is alleged, among other things, that White died seized of estate in Oklahoma county, consisting of certain lots; that he died a resident of Jackson county, State of Arkansas, and, pertinent to the issue here, it is therein further alleged as follows:

"That said deceased left a will which has been duly admitted to probate in the probate court of the county of Jackson, State of Arkansas, and which your petitioner alleges is the last will and testament of said deceased, a duly authenticated copy of said will and testament, and the probate thereof in the probate court of the county of Jackson, State of Arkansas, is hereto attached, marked exhibit 'A' and made a part hereof."

Attached to the petition and marked Exhibit "A" is a typewritten copy of what appears to be an authenticated copy of the will, the probate thereof and proceedings in probate thereon. The petition bears an endorsement of filing and the filing thereof is noted upon the appearance docket of the court. There does not appear in the court files an authenticated copy of the will or probate thereof nor does there appear upon the appearance docket any record of the filing thereof. The decree of the county court recites the matter

coming on "for hearing the petition of Mrs. R. E. Eden praying, amongst other things, for the probate of the instrument produced by R. L. Flynn, petitioner's attorney, as a duly authenticated copy of the last will and testament and probate thereof of Passmore S. White, deceased, of the County of Jackson and State of Arkansas from the Court of Jackson County and State of Arkansas", and, after reciting time of setting, notice thereof and appearance, continues as follows:

"and upon examination of the instrument so produced as duly authenticated copies, and upon consideration thereof the Court finds:

"That said deceased at the time of his death had real estate in Oklahoma county, State of Oklahoma.

"That said Passmore S. White at the time of his death was an inhabitant of the county of Jackson, and State of Arkansas.

"That his last will and testament was admitted to probate on the 27th day of April, 1925, by the order of said probate court in said county of Jackson and State of Arkansas which was a court of competent jurisdiction, and that such order is still in force and that said will was executed according to the laws of the place in which the deceased lived, to wit: State of Arkansas.

"That the instrument produced is a copy of such will and the probate thereof duly authenticated, and ought to be allowed in this state as the last will and testament of said deceased.

"Wherefore, it is considered that said authenticated copy be allowed, filed and recorded, and have the same force and effect as if it had been originally allowed and proved in this county, and that letters of administration with the will annexed issue to said Inez Burkhart on her giving bond in the sum of $100."

The gist of the argument is that under the statute, Tit. 58, O.S. 1941 §52, an authenticated copy of the will and the probate thereof must not only be produced but that "same must be filed" and that until same is done the court does not acquire jurisdiction to set the matter for hearing; that it is apparent from the record (1) that no such transcript was filed and (2) that the court heard the matter upon the typewritten exhibit, Exhibit "A", which was insufficient to give the court jurisdiction, and citing as authority for the conclusion Wickersham v. Johnston, 104 Cal. 407, 38 P. 89; Henderson v. Daniels, 62 Mont. 363, 205 P. 964; and Pettis v. Johnston, 78 Okla. 277, 190 P. 681, 695.

Section 52, supra, is as follows:

"When a copy of the will and the probate thereof, duly authenticated, shall be produced by the executor, or by any other person interested in the will, with a petition for letters, the same must be filed, and the court or judge must appoint a time for the hearing, notice whereof must be given as provided for an original petition for the probate of a will."

The construction of the statute contended for by plaintiff is unwarranted. The jurisdiction of the court is not dependent upon a record of the fact of filing made by the court. In Murray et al. v. Superior Court of Marin County et al., 207 Cal. 381, 278 P. 1033, there is declared:

"The probate of the will and the administration of the estate is in the nature of a proceeding in rem (King v. Chase, 159 Cal. 420, 425, 115 P. 207; 11 Cal. Jur. p. 236). The power to proceed therewith attaches upon the production of the will and the filing of the petition pursuant to section 1300 of the Code of Civil Procedure and the publication of the notice provided for in section 1303 of that Code."

The principle announced is as fully applicable in a proceeding for probate of a foreign will as for that of a domestic will, as was the case there. The purpose of the probate of a will is to establish of record its status as a written instrument (In re Bloom's Estate, 213 Cal. 575, 2 P. 2d 753). As declared in Bouvier L. D., "the proof of a will is a judicial proceeding and the probate a judicial act." In such situation the

will, as a rem, is the subject matter, and under the statute, in order to invoke the jurisdiction for probate, the petition therefor, to be heard, must be accompanied by "an authenticated copy of the will and the probate thereof", which must be filed. The filing contemplated by the statute, so far as the proponent is concerned, is the delivery of the record into the actual custody of the court. This accords with the generally accepted construction of the word "filed". (Norris v. Cross, 25 Okla. 287, 105 P. 1000.) To same effect is City St. Imp. Co. v. Babcock (Cal.) 68 P. 584, 585, wherein it is said:

"In modern days it is usually held that a paper is filed on the part of the party who is required to file it when he has presented it at the proper office and left it with the person in charge thereof."

A notation by the court clerk of the filing not being a prerequisite thereof, the absence of such notation does not exclude existence of the fact that the instrument was filed. Hence the possibility of the filing not being negatived of record, the very silence of the record thereon will herein be attended with the presumption that the fact of the filing was inquired into and found by the court as authorizing its judgment. Cummings v. Inman, 119 Okla. 9, 247 P. 379.

The contention that the court acted solely on the exhibit is predicated upon the fact the petition makes reference to the typewritten Exhibit "A" as the authenticated record, the absence of the original authenticated record from the files and the absence of notation upon clerk's record of the filing thereof. The reference in the petition to the exhibit as the authenticated record, standing alone, would indicate that the proponent considered such exhibit all that was necessary to be presented to the court. But, when it is borne in mind that the proponent had just obtained a vacation of the earlier appointment of an administrator upon the ground that same had been made without authority of law because an authenticated copy

of the will and probate thereof had not been presented and filed, it would seem that the proponent was aware of the need for and purpose of the authenticated record. And the fact that the exhibit is a copy of what purports to be an authenticated record indicates the possession thereof by the proponent and that it was available for filing. The facts relied on are clearly insufficient to preclude the fact of delivery and consideration by the court. And such being true, like presumption of the filing and consideration by the court attends the judgment. In this case, however, there is no need to rely on presumption in order to establish the filing and consideration by the court of the authenticated record, because the court by its decree expressly finds such facts to be true. These findings which are a part of the record constitute an affirmative showing thereon of the fact of production and filing and the consideration thereof by the court. Such being true, and, for reasons stated, there being nothing in the record that contradicts or irreconcilably conflicts with such findings, there is no room for the attack as authorized by the following statement made in Pettis v. Johnston (supra), which is quoted and relied on:

"The recital of service in a judgment is not conclusive where it is positively contradicted by and in irreconcilable conflict with the record—the judgment roll. . . . Resort to the record to impeach a recital in the judgment attacked means a resort to the entire record—the judgment roll."

The legal principles applicable in determining such judgment to be not subject to collateral attack are: (1) all presumptions are in favor of validity of judgments of courts of general jurisdiction (Town of Watonga v. Crane Co., 189 Okla. 184, 114 P. 2d 941) and are not subject to collateral attack unless the judgment is void on its face (Orth v. Hajek, 127 Okla. 59, 259 P. 854); (2) judgments of the county courts within their jurisdiction are entitled to the same favorable presumptions and same immunity from collateral attack as are

accorded those of general jurisdiction (Petroleum Auditors Ass'n v. Landis, 182 Okla. 297, 77 P. 2d 730); and (3) since the matter of probate of wills is within such jurisdiction, it follows that the rule is applicable to judgments of the county courts admitting wills to probate. And the same was recognized and applied by this court in the early case of Ward et al. v. Board of Com'rs of Logan County, 12 Okla. 267, 70 P. 378, and later in the case of Flynn v. Vanderslice, 172 Okla. 320, 44 P. 2d 967, where it is declared:

"Where the county court, having jurisdiction of the probate of a will, admits such will to probate, and such order and judgment become final, it cannot be attacked collaterally in the district court in a suit in ejectment brought by the heirs to dispossess the devisees under the will of real estate devised to them by the terms of such will."

Neither the case of Wickersham v. Johnston nor Henderson v. Daniels (both supra), relied upon by plaintiff, are in point on the question herein involved.

In the Wickersham Case there was not involved an attack upon an ancillary probate of a foreign will and the case does not afford an expression of the California court thereon. However, that the holding of that court is fully in accord with the views herein expressed is reflected in Ward et al. v. Board of Com'rs of Logan County (supra), where the decisions of that court are reviewed and recognized as authority for the rule there announced.

The substance of the holding in Henderson v. Daniels, supra, is reflected in the following statement:

"The statute, supra, requires that a petition for its probate must be accompanied by 'a copy of the will and the probate thereof duly authenticated.' Until this is done, the court does not acquire jurisdiction of the subject matter and is without authority to make the ultimate order admitting the will to probate."

There the copy of the will and probate thereof was not authenticated. It was certified by the clerk of the court but not attested by the chief judge or presiding magistrate. It thus affirmatively appeared of record that the sole basis of the court's jurisdiction was a transcript which did not meet the statutory requirement. In the instant case it is not contended nor indicated by the record that the transcript, which we find was filed, was not duly authenticated.

Plaintiff's fourth proposition, to the effect that the trial court erred in vacating the judgment without having found first that the applicant had a valid defense to plaintiff's action, is without merit. The order vacating the judgment was made during the same term that the judgment was rendered. Such being true, and this cause being an action of equitable cognizance, the provision of the statute (Tit. 12, O.S. 1941 §1035) requiring an adjudication of a valid defense as a condition precedent to the vacation, has no controlling application (Richardson v. Howard, 51 Okla. 240, 151 P. 887).

The order of the trial court vacating the judgment is affirmed.

HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.