## FRENCH v. LEACHMAN.
### No. 35453.

Supreme Court of Oklahoma.
July 7, 1953.

Morton Perry, Oklahoma City, for plaintiff in error.

John A. Johnson, Oklahoma City, for defendant in error.

PER CURIAM.

This is a case of equitable cognizance. Early in 1948, the defendant, C. S. French, was the owner of the NW¼ of Section 1, Township 18 N, Range 2 East, in Payne County, Oklahoma. On January 19 of that year, the plaintiff, C. E. Leachman, and defendant entered into a written contract by

which plaintiff agreed to buy and defendant to sell:

"17 acres of land out of the NW corner of NW¼ of Section 1, Township 18 N, Range 2 E, said tract not to be over 880 feet on the pavement and to run as far east as necessary to get the correct amount of land."

The highway referred to was State Highway 40, which ran along the western end of the tract and within a 100 ft. right-of-way. A dirt road ran along the north end of the property within a 66 ft. right-of-way. It was plaintiff's purpose, and so understood by defendant, to build a drive-in theatre on the land. It was further agreed in the contract that should Leachman elect to take more than 17 acres, he would have that privilege at the same price of $300 per acre.

Before drawing the deed contemplated in the contract, plaintiff caused the land to be surveyed by the county engineer and obtained from him a penciled notation of the description of the 17 acres abutting on the highway. Relying on this description, plaintiff's attorney prepared a deed describing the tract as:

"Beginning at a point 65 feet east of the center line of the pavement on State Highway 40 and 33 feet south of the north section line, thence south parallel to the center line of Highway 40, 861.08 feet, thence east parallel to the north section line 860 feet, thence north 861.08 feet parallel to the center line of the highway, thence west 860 feet to point of beginning."

The penciled notation was subsequently lost or misplaced. Defendant signed the deed in the presence of plaintiff and plaintiff's attorney. As to whether defendant complained of the description at this time there is conflicting testimony.

On the 30th day of April, 1948, plaintiff engaged Mr. Wilbur Hoke, a registered professional engineer, for the purpose of staking the corners of the property. This survey revealed that the description in the deed placed the west border of the 17 acres at a point 15 feet east from the edge of the highway so that between the highway and plaintiff's property lay a strip of land 15 feet wide and 861.08 feet long which still belonged to defendant. The survey revealed that a proper description should have begun at a point 50 feet instead of 65 feet east of the center line of the pavement on State Highway No. 40. On August 11th of 1950, plaintiff again called upon Hoke, this time for a certified survey. The survey was made and apparently revealed the same error.

Plaintiff then attempted to obtain a correction deed from French which would have the effect of moving the tract 15 feet westward so that it abutted on the highway. Defendant rejected this proposal, and in answer to plaintiff's alternative proposal to buy the intervening strip at $88.50, the alleged proper proportionate cost if valued at $300 per acre, defendant demanded $10,000. Plaintiff brought suit to reform the deed so that it would grant 17 acres abutting on Highway 40, or in the alternative to order sale of the strip at $300 per acre. The judgment allowed reformation on the ground of mutual mistake of fact, and defendant's motion for new trial was overruled. The parties will be referred to as they appeared in the trial below.

From the judgment and order overruling motion for new trial, defendant has appealed, and for reversal relies upon three assignments of error:

First, that the trial court erred in rendering judgment giving any affirmative relief to plaintiff for the reason that no mutual mistake of the parties is shown either by the facts or the evidence, and the findings of the trial court are not sustained by any evidence. It is well to state at the outset the general proposition, uncontroverted in this litigation, that a mutual mistake of fact constituted an appropriate basis for reformation of deeds. Davis v. Jackson, 192 Okl. 15, 132 P.2d 923.

In such a controversy, this court will consider the entire record, weigh the evidence, and determine whether or not the judgment of the trial court is against the clear weight thereof. Higgins v. Classen, 176 Okl. 233, 55 P.2d 101.

In so reviewing the record, it is necessary to keep two cardinal principles in mind: (1) That it is the province of the trial court in equity matters to determine the credibility of the witnesses and of the weight and value to be given to their testimony, and due regard must be given to the fact that the trial judge was present during the trial and that he saw the witnesses and heard their testimony. Guinan v. Readdy, 79 Okl. 111, 191 P. 602; Tescier v. Goyer, 72 Okl. 137, 181 P. 503; Hercules Gasoline Co. v. Security Ins. Co., 122 Cal.App. 499, 10 P.2d 128; Home & Farm Co. of Cal. v. Freitas, 153 Cal. 680, 96 P. 308. (2) That although evidence of mutual mistake must be clear, unmistakable, and convincing in order to justify the reformation, it need not be so certain as to go beyond any possibility of controversy. Davis v. Jackson, 192 Okl. 15, 132 P.2d 923; Harrell v. Nash, 192 Okl. 95, 133 P.2d 748; Davidson v. Bailey, 53 Okl. 91, 155 P. 511; Gault v. Spears, 125 Okl. 126, 256 P. 515; 53 C.J. 1036; Cantrell v. O'Neill, 109 Okl. 238, 235 P. 232; Cleveland v. Rankin, 48 Okl. 99, 149 P. 1131. See 76 C.J.S., Reformation of Instruments, § 84.

In the present case, regarding the vital question of the fact of mutual mistake, there was conflicting testimony. Defendant testified that at the time the deed was drawn and signed he knew there was an intervening strip between the land and the highway and also that he told the other parties the description was erroneous. This testimony is directly contradicted by that of Leachman and his lawyer, both of whom were then present, that the description was not questioned by anyone. French's testimony as to how he knew of the intervening strip is in itself vague and unconvincing. It is difficult to believe that he could discover such an error from the abstract of title in the light of the testimony of plaintiff's attorney, a man of forty years experience, that he examined the abstract and could discover no such discrepancy. It is also of importance that the defendant himself admitted that he knew the property was to be used for a drive-in theatre and that he signed the deed. Also, the contract and original deed clearly indicated that the acreage was to abut on the highway on the west and the road on the north. Although the evidence is conflicting and in certain instances vague, when viewed in its entirety it is clear and convincing. In Davis v. Jackson, supra [192 Okl. 15, 132 P.2d 925], the court used this language:

"While in some respects the proof is somewhat vague, it is clear and convincing in its general probative force tending to establish that a mistake was made".

■ This, coupled with the fact that the trial judge was present and better able to judge the credibility of the witnesses and the weight of their testimony, leads us to the conclusion that there is no justification for setting aside the trial court's decision. We believe its findings to be supported by the clear weight of the evidence.

■ Defendant argues for his second proposition that a written contract cannot be altered except by another written contract or an executed oral agreement. Although we cannot see the applicability of this theory in the present case, we are not here called upon to pass on it as it was not raised in the pleadings or in the trial below. This doctrine is stated clearly in Sims et ux. v. Bennett, 208 Okl. ——, 255 P.2d 916; Gibbins v. Wade, 202 Okl. 138, 210 P.2d 955; Dryden v. Burkhart, 198 Okl. 239, 177 P.2d 121; Butterick Co. v. Molen, 192 Okl. 602, 138 P.2d 89. This same authority is applicable to the argument of laches which appears in defendant's brief.

Defendant's third proposition is that since the trial court's decree conveyed to plaintiff 1.91 acres more than he bargained for and gave consideration for, the decree is inequitable and unjust. In truth, no such excess conveyance was ordered, made or contemplated. As plaintiff explains in his brief, this claim might be justified if the description as reformed by the journal entry took as its origin a point 65 feet east of the highway. The actual reformed description is:

"Beginning at a point 65 feet east and 33 feet south of the northwest

corner of Section 1 and being a point on the east right-of-way line at State Highway No. 40."

In other words, a 17 acre tract is still conveyed by the reformed deed. It has simply been moved in toto 15 feet toward the highway.

There is no legal merit to defendant's complaint that plaintiff will enjoy the use of the highways abutting his property without having paid compensation for the right-of-way land itself. All the testimony given and produced by defendant to prove that land is customarily described and conveyed from the actual section line instead of from the edge of the highway is rendered ineffectual by the weight of the proof that defendant contracted for land to the edge of the highways.

The judgment of the trial court is affirmed.

HALLEY, C. J., and WELCH, DAVISON, ARNOLD, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.

CORN, J., concurs in result.

This court acknowledges the services of Attorneys A. G. Saunders, Robert J. Woolsey and Frank Settle, who as special masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.